MCKEE v. THE STATE.

No. 9175. MARCH 17, 1933.

*William G. McRae,* for plaintiff in error.

*Lawrence S. Camp, attorney-general, Frank B. Willingham, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

ATKINSON, J. This is the second appearance of this case in the Supreme Court. *McKee* v. *State,* 174 *Ga.* 120 (162 S. E. 139). After return of the remittitur the case was tried again, and the jury returned a verdict finding the defendant guilty and recommending him to the mercy of the court. His motion for a new trial was overruled, and he excepted.

■ The special ground of the motion for a new trial alleges that in charging the jury on the State's theory of the case the judge informed them that the State contended "that at the time the shooting began . . the accused shot twice, . . and the deceased advanced upon the accused for the purpose of defending himself, and grappled with the accused, . . taking from the accused an

open knife; whereupon the accused fired three other shots at the deceased;" also, that, in charging on the defendant's theory of justifiable homicide, the judge stated that the defendant contended that after an assault by the deceased, and while prostrate on the ground as a result of the assault, "the accused drew his pistol from his pocket for the first time and fired three or four shots at the deceased;" also, that the judge then proceeded to charge the law applicable to the contentions, and stated: "On the other hand, I charge you that if you believe beyond a reasonable doubt that the deceased was, at the time of the shooting, that is, the first shooting," etc. It is complained that the language last quoted was an expression or intimation of opinion by the judge that there was *more than one shooting,* and that the contentions of the State were true, and that the contentions of the defendant were not true; and that it related to a material fact, and was harmful to the accused. This charge was not given immediately following the statements as to the contentions of the parties, but elaborate instructions on the law of justifiable homicide intervened. There were no witnesses immediately present at the rencounter, though there were witnesses within the range of vision several hundred yards away. Some of them, testifying for the State, said that there were two shots, and after a pause three other shots, at the place of the rencounter. In his statement to the jury the defendant said: "Then I took a pistol from my pocket and shot three or four times at rapid fire. . . I went to the house and tried after awhile to unload the gun, but was so nervous that one of the bullets went off." The judge evidently had in mind this last statement of the defendant, and was attempting to avoid confusing the "shooting" at the scene of the rencounter with the last shot which was fired at the house, when he used the words "first shooting," of which complaint is made. In this view the charge was properly adjusted to the prisoner's statement, and will not require the grant of a new trial as being in violation of the Penal Code, § 1058, which inhibits a judge from expressing or intimating his opinion as to what has or has not been proved or as to the guilt of the accused. The judge does not violate this law when he states a fact which the excepting party admits. *Swain* v. *State,* 162 *Ga.* 777 (7) (135 S. E. 187) ; *Johnson* v. *State,* 30 *Ga.* 426 (5).

■ The ruling announced in the second headnote does not require elaboration. *Judgment affirmed. All the Justices concur.*