## 52717. CONTRACTORS EQUIPMENT COMPANY v. GOTTFRIED.

SUBMITTED SEPTEMBER 15, 1976 — DECIDED OCTOBER 4, 1976.

*Thomas C. Jones, Jr.,* for appellant.
*McCord, Cooper & Voyles, James M. Kimbrough,* for appellee.

DEEN, Presiding Judge.
1. The evidence for the appellee was that the appellant agreed to pay him a commission of one-half the net profit on the sale of equipment if he were successful in obtaining a purchaser. The appellee testified that he did in fact secure a buyer and that the sale was consummated but that the appellant refused to pay him his commission. The appellant urges that the purchaser was not secured through the appellee's efforts. "One may accept an offer by

doing the acts contemplated by an offer, thus creating an enforceable contract, and where, as here, the defendant denies that the plaintiff performed these acts, whether the offer was accepted in this manner is a matter of proof and a question for the jury." *Weikert v. Logue,* 121 Ga. App. 171, 173 (173 SE2d 268).

2. The appellee sued for "a sum of equal to one-half of the net profit of the transaction." The evidence shows that the equipment was bought by the appellant for $24,000 and sold for $36,000, or $12,000 gross profit. "Where a party sues for specific damages, he has the burden of showing the amount of the loss, and of showing it in such a way that the jury may calculate the amount from the figures furnished, and will not be placed in the position where their allowance of any sum would be mere guesswork. However, the party does not lose his right of action for damages because he can not furnish exact figures." *Nat. Refrigerator &c. Co. v. Parmalee,* 9 Ga. App. 725, 726 (72 SE 191).

On cross examination the appellee was asked what he meant by "net profit" and replied that as part of the sales agreement certain repairs were to be made to the equipment by the appellant. He further responded: "I was told by Mr. Ridings and Mr. Propst that they cost $1,000 to do." The appellant urges that this testimony was hearsay, had no probative value and does not support the jury's verdict; we are cited to *Western Geophysical Co. v. Rowell,* 126 Ga. App. 427 (190 SE2d 921). The argument is that the appellee has proved $12,000 in gross profit but his evidence as to repairs is hearsay and that there is no probative evidence as to net profit from which the jury could arrive at its verdict. We disagree. In *Western Geophysical Co.,* supra, the testimony was hearsay because it was based on the estimates of unidentified persons given to the husband of the witness. In this case however, the appellee testified as to statements made to him by the president and general manager of the appellant corporation. These statements would be admissible under Code § 38-406; *Farmers Peanut Co. v. Zimmerman &c. Co.,* 52 Ga. App. 265, 266 (183 SE 115); *J. D. Jewell, Inc. v. Hancock,* 226 Ga. 480 (8) (175 SE2d 847).

The evidence as to "one-half of the net profit on the

transaction" was sufficient to show the amount of damages and to support the jury's verdict.

*Judgment affirmed. Quillian and Webb, JJ., concur.*