## 57692. LAVENDER v. MYERS.

QUILLIAN, Presiding Judge.

This is a suit on account with a denial and counterclaim on account by the defendant. The action was heard by a judge without a jury. Our Code Ann. § 81A-152 (CPA § 52; Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171) requires findings of fact and conclusions of law in this setting. The trial court's judgment was: "The Plaintiff has rendered legal services to the Defendant and the reasonable value for said services was proved in the amount of . . . ($474.00); and . . . The Defendant rendered medical services to the Plaintiff . . . said medical services reasonable value was proved at . . . ($275.00); and the services, charges and other considerations are mutually offsetting." Judgment was entered for the defendant and the action was dismissed with defendant to recover costs of the action from plaintiff.

Although the findings of fact and conclusion of law were not so labeled by the court, we determine compliance with statutory law by content and not by nomenclature. See *Deen v. State,* 216 Ga. 387 (2) (116 SE2d 595). The content of the judgment reveals findings of fact that the plaintiff and defendant established the value of services rendered to each other and the conclusion of law followed that they were mutually offsetting.

The plaintiff has enumerated but one error on appeal.

That is: "The conclusion of law and judgment of the trial court is contrary to law and is in irreconcilable conflict with it's findings of fact." Thus, plaintiff does not complain about the form of the judgment and its compliance with Code Ann. § 81A-152. In *Northside Realty Associates v. Peachtree Mtg. Corp.*, 239 Ga. 62, 63 (235 SE2d 491), the Supreme Court stated: ". . . this court has held that where the appellant does not enumerate as error the failure to include findings of fact and conclusions of law in a judgment, the failure is not a reversible error. *Jardine v. Jardine*, 236 Ga. 323 (1) (223 SE2d 668) (1976); *Cunnane v. Cunnane*, 237 Ga. 650 (229 SE2d 431) (1976)." Accordingly, as the format of the judgment has not been attacked it has been waived.

Plaintiff failed to file a transcript of the evidence and proceedings of the trial. Absent a transcript of the evidence "we must presume the evidence considered by the trial court supports the ruling made." *Pennsylvania Poorboy v. Robbins Restaurant*, 238 Ga. 539 (233 SE2d 791). However, even though the findings of fact must be supported on appeal, we cannot agree with the trial court that, as a matter of law, $474 is the mathematical equivalent of, or is mutually offsetting with $275. Therefore, we reverse and remand for conclusions of law which are consistent with the findings of fact.

*Judgment reversed and remanded. Deen, C. J., Smith, Banke, Birdsong, Underwood and Carley, JJ., concur. McMurray, P. J., dissents. Shulman, J., not participating.*

SUBMITTED APRIL 11, 1979 — DECIDED JULY 3, 1979.

*Lavender, Collar & Yates, Gary R. Yates,* for appellant.

*Chamberlin, Tew & Blount, Ernest D. Blount,* for appellee.

McMURRAY, Presiding Judge, dissenting.

This is a suit on open account brought by the plaintiff as a lawyer, against the defendant, his client, a medical doctor. Plaintiff alleges that the defendant owes him $474

and refused to pay same. The defendant answered denying the claim although admitting jurisdiction and filing a counterclaim seeking $275 on open account. By amendment plaintiff alleged defendant had been stubbornly litigious and sought judgment of $474 plus reasonable attorney fees in the amount of $1,000. Whereupon the defendant amended his answer, again denying the claim.

The case came on for trial before the court without a jury, and after evidence had been introduced, the court found:

1. "The plaintiff has rendered legal services to the defendant and the reasonable value of said services was proved in the amount of . . . ($474.00)."

2. "The defendant rendered medical services to the plaintiff, at his request, and said medical services reasonable value was proved at . . . ($275.00)."

3. "The services, charges and other considerations are mutually offsetting."

The court then decreed that a general judgment be entered for the defendant and that this action be dismissed on its merits with the cost taxed to the plaintiff.

In my opinion the court has entered findings of fact and a conclusion of law based thereon in accordance with Code Ann. § 81A-152 (a) (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171). I therefore conclude that the case should not be remanded to the lower court with direction as ordered by the majority.

I therefore respectfully dissent.

But upon further examination of the record, I note that the notice of appeal states that a transcript of the evidence and proceedings will not be filed for inclusion in the record on appeal and that the sole enumeration of error is that the conclusion and judgment of the trial court is contrary to law and is in irreconcilable conflict with its findings of fact.

At first blush it would appear that the court in its findings of fact determined that the legal services of $474 were equal to the medical services in the value of $275 with respect to the respective open accounts of the plaintiff and the defendant. But the court then found the "services, charges and other considerations are mutually

offsetting." Since the transcript of evidence is not before us we have only a determination as to the value of the services in the findings of fact. We have no way of determining the "charges and other considerations" to which the court refers in its third finding of fact. True, the findings of fact fail to set out the value of the "charges and other considerations," although the trial court could have been of the opinion that same was of the value of $199 which would logically follow from a subtraction of the separate open accounts. However, in the absence of a transcript we must assume the trial court was authorized to make the determination from the evidence that the services, charges and other considerations were mutually offsetting. We cannot hold, without examination of the transcript, that the conclusion of law is in irreconcilable conflict with the findings of fact. See *Ward v. National Dairy Products Corp.*, 224 Ga. 241 (1,2) (161 SE2d 305); *Berrien v. AVCO Fin. Ser., Inc.*, 127 Ga. App. 584, 585 (194 SE2d 337). See also *Martin v. Dept. of Public Safety*, 226 Ga. 723 (3) (177 SE2d 243).

Accordingly, I would affirm the judgment.