## 60418. HARDEN v. DROST.

BIRDSONG, Judge.

Breach of lease. George Drost is the owner of a piece of property in Augusta on which was located a building designed to be used solely as a restaurant. In 1975 Drost leased the property to the appellant Harden as a restaurant for a term of five years at a rental of $700 per month for the first year and $850 per month for the remaining four years. Harden operated the restaurant for a period of several months but soon found that overhead costs rendered continued operation nonprofitable. Harden then subleased the property to one Bruce but Bruce relinquished the restaurant back to Harden after only three or four months. Harden then subleased the restaurant for a second time to one Ross. Ross also relinquished the restaurant back to Harden after a few months. Harden abandoned possession and operation of the restaurant in December, 1975. Drost was aware and consented to the subletting to both Bruce and Ross. The sublease to Bruce on its face provided for Harden's liability for the rental and contents of the restaurant. The sublease to Ross had a last sentence purporting to release Harden from further liability and placed that liability on Ross. Drost admitted signing an approval of the sublease but denied that the document contained a release of Harden. Harden testified that he (Harden) prepared the sublease and that the document did not originally have the release provision. However, Harden contended that his son suggested that the release provision be added and Harden admitted adding the release provision at a time later than when the remainder of the sublease had been prepared. Harden maintained that the release provision was on the sublease at the time Drost signed it.

After Harden closed the restaurant, much of the contents of the building were either stolen or damaged by vandals and thieves. Harden furthermore did not pay the stipulated rental after vacating the premises. Drost brought suit against Harden seeking $31,150 as past due rent as of August 1, 1979; the remaining 8 months of rent amounting to $6,800; $18,684.96 as recompense for damages to the building; and $5,387.61 as recompense for lost personalty and certain repairs paid by Drost that allegedly were the responsibility of Harden. During the trial of the case, the trial court refused admission of the sublease to Ross on the ground that the document had been changed and Harden had not made a satisfactory explanation as to the change. In the absence of the disputed release of liability, the trial court directed a verdict for Drost as to past due rent in the amount of $31,150. The court also directed a verdict for Drost as to liability for future rent but left the amount to the jury. The jury returned a money

verdict for Drost for future rent reduced to its present value in the amount of $2,040; $774.03 for expenses paid by Drost for repairs on Harden's behalf; and $5,600 for damages to the unoccupied building. The trial court entered judgment for these amounts. Harden brings this appeal enumerating six asserted errors. *Held:*

1. In his first enumeration of error Harden complains that the trial court erred in allowing Drost to testify that estimates furnished him by subcontractors (which were combined with his own estimates in those areas with which he was familiar) pertaining to work necessary to restore the building to its original condition amounted to $17,402.84. Harden urges that the testimony of the subcontractor estimates was hearsay and could not furnish a foundation for the claim for damages to the building.

We disagree. Drost was not testifying to the valuation of any particular subcontractor. He testified to a fact within his knowledge, namely that he had made inquiry and developed an estimate that it would cost $18,684.96 to restore the building, i. e., Drost testified to the fact of an estimate. In addition, Drost presented evidence, without objection, that the tax evaluation of the building had been reduced over $9,000 because of the damaged and deteriorated condition of the building. The jury returned a verdict that the compensable damages to the building amounted to $5,600 a figure well within the range of the evidence. We find no viable hearsay objection to the admission of the testimony in question, but arguendo, even if we were to conclude that the estimate was based upon hearsay, its admission worked no prejudice to Harden in view of the other evidence that the damages to the building had reduced its market value over $9,000 and the verdict of the jury was only $5,600. There is no merit to this enumeration of error.

2. Appellant combines enumerations of error 2, 4, and 5 in a single argument. The substance of this argument is that Drost elected to sue Harden for breach of the lease contract. The argument continues that this limits damages to the difference between the remaining rent stipulated in the lease and the actual value of the rent for the remaining term of the lease.

We find merit in this argument. Drost sued for future rents for the 8 months yet to run on the lease. The trial court charged the jury that liability as to future rental was established and a verdict thereon had been directed. Recoverable damages were described as the value of the future rental reduced to its present value. At best this is a confusing statement for the true rule is that damages for advance rent for the full term are the difference between the stipulated rental and the rental value. *Dehco v. Greenberg,* 105 Ga. App. 236, 238 (124 SE2d 311). Drost presented no evidence as to the rental value (as opposed

to the stipulated rental) of the premises for the remainder of the term· thus the jury had no way of determining the rental value for the remaining eight months, nor even for that matter, the rental value reduced to its present value. See *Szabo Associates v. Peachtree-Piedmont Associates,* 141 Ga. App. 654 (1) (234 SE2d 119). A charge that does not include or embrace a correct and complete principle of law which is pertinent and adjusted to the evidence tends to induce harmful error. *SCM Corp. v. Thermo Structural Products,* 153 Ga. App. 372, 379 (7) (265 SE2d 598). Harmful error results when an inapplicable instruction might reasonably draw the jury away from the true issues in dispute or if the erroneous instruction is inapplicable to a vital issue in the case. *Haslerig v. Watson,* 205 Ga. 668 (54 SE2d 413); *General GMC Trucks v. Crockett,* 145 Ga. App. 503, 505 (244 SE2d 78). Moreover, the question of damages cannot be left to speculation, conjecture and guesswork. *Development Corp. of Ga. v. Berndt,* 131 Ga. App. 277, 278 (205 SE2d 868). Where a party sues for damages, he has the burden of proof of showing the amount of loss in a manner in which the jury can calculate the amount of the loss with a reasonable degree of certainty. *Studebaker Corp. v. Nail,* 82 Ga. App. 779, 785 (62 SE2d 198). We find harmful error in the charge of the court as to Count 2.

3. In enumeration of error 3, Harden urges that the trial court erred in refusing admission of the sublease between Harden and Ross which ostensibly contained a release of Harden by the assumption of liability for future rental and property loss by Ross. Drost objected to the admission of the document on the ground that the evidence clearly established that the sublease had been changed and therefore contained an unexplained variance. See *Georgia Power Co. v. Busbin,* 149 Ga. App. 274, 279 (15) (254 SE2d 146). The trial court properly accepted the evidence that the document had been amended. Our concern is that Harden admitted that the last sentence had been added at the request of his (Harden's) son, apparently, for the purpose of reducing Harden's future liability to Drost. Though there was a dispute as to when the last sentence was added, Drost merely said in his testimony that he never released anyone from responsibility for the rental or property loss, but he never unequivocally testified that the document was altered after he signed it though that obviously was implied. Harden, on the other hand, expressly testified that the document was altered before Drost signed it and was signed with full knowledge and acceptance by Drost of Ross' substituted responsibility. This created a clear dispute of fact and should have been left to the jury for resolution. It was not the trial court's function to determine the plausibility of Harden's explanation, only to ascertain if there was an explanation. See

*Mulkey v. State,* 155 Ga. App. 304 (270 SE2d 816). We conclude that the trial court erred in refusing the admission of this document. See *Winkles v. Guenther & Co.,* 98 Ga. 472 (25 SE 527); *Colt Co. v. Butler,* 29 Ga. App. 396 (115 SE 503). See also *Neal v. Field,* 68 Ga. 534, 538 (1).

4. In his last enumeration of error, Harden complains of the charge informing the jury that the "tenant shall deliver possession of the premises and property back to the landlord at the expiration of his term." We agree with Harden that such a charge is not adjusted to the evidence and is misleading. It was uncontested that the lease had eight more months to run at the time of the trial when the charge of the court was given, leaving Harden time to restore the property. While such a charge is abstractly a correct statement of the law, it is not adjusted to the facts of the case. Instructions not warranted by the evidence are cause for new trial unless it is apparent that the jury could not have been misled thereby. *Culberson v. Alabama Const. Co.,* 127 Ga. 599, 602 (56 SE 765); *Poland v. Osborne Lumber Co.,* 34 Ga. App. 105, 108 (2) (128 SE 198). We cannot say that the charge would not have had an adverse impact on the question of damages.

5. Because of the possible impact of the exclusion of the sublease to Ross upon Harden's overall liability, reversal is required.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED SEPTEMBER 8, 1980 — DECIDED NOVEMBER 7, 1980.

*A. Stephenson Wallace,* for appellant.
*Herbert E. Kernaghan, Jr.,* for appellee.