72054. SMITH et al. v. MILLEN PROPERTIES, INC.
(345 SE2d 625)

SOGNIER, Judge.

Alvin Smith and Ruth Smith brought suit against Millen Properties, Inc. for breach of contract alleging that Millen Properties had failed to effect certain repairs to the Smiths' home. The trial court, sitting without a jury, granted Millen Properties' motion to dismiss at the close of the Smiths' case pursuant to OCGA § 9-11-41 (b) and the Smiths appeal.

No enumeration of error is directed to the trial court's failure to include findings of fact and conclusions of law in its order pursuant to OCGA § 9-11-52 (a); rather, appellants' sole assertion is that the trial court erred by determining that appellants had presented no competent evidence of damages sustained as a result of appellee's alleged breach of contract. Accordingly, as the format of the judgment has not been attacked, it has been waived. *Lavender v. Myers*, 150 Ga. App. 547, 548 (258 SE2d 257) (1979). The transcript of the hearing reveals that the only evidence of damages presented by appellants was in the testimony of appellant Alvin Smith. This testimony consisted of Smith's counsel inquiring "did you make an inquiry and develop an estimate as to what it would cost to repair [various defects]," to which Smith responded affirmatively and gave a dollar figure for each defect. Smith acknowledged that he had no personal knowledge of the cost of repairing the defects.

Appellants argue that because Smith's testimony tracked the exact language in *Harden v. Drost*, 156 Ga. App. 363, 364 (1) (274 SE2d 748) (1980), under *Harden* and *B & L Svc. Co. v. Gerson*, 167 Ga. App. 679, 680-681 (4) (307 SE2d 262) (1983), Smith's testimony constituted competent evidence to sustain damages so as to require reversal of the trial court's ruling in appellee's favor. OCGA § 24-9-66 provides that "One need not be an expert or dealer in the article in question but may testify as to its value if he has had an opportunity for forming a correct opinion." "The question of whether a witness has established sufficient opportunity for forming a correct opinion or has stated a proper basis for expressing an opinion is for the trial court. [Cits.]" *Dept. of Transp. v. McLaughlin*, 163 Ga. App. 1, 5 (3)

(292 SE2d 435) (1982). See also *Getz Svcs. v. Perloe*, 173 Ga. App. 532, 536-537 (4) (327 SE2d 761) (1985). Although we agree with appellants that under the authority of *Harden*, supra, and *B & L Svc.*, supra, the trial court *could* have determined that Smith's testimony showed that he had established sufficient opportunity for forming a correct opinion, we find no abuse of the trial court's discretion in ruling that Smith did not establish that he had a sufficient opportunity for forming a correct opinion. *McLaughlin*, supra. Furthermore, the judgment of the trial court would be authorized under *Comtrol, Inc. v. H-K Corp.*, 134 Ga. App. 349, 351-352 (2) (214 SE2d 588) (1975).
*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 30, 1986 —
REHEARING DENIED MAY 22, 1986.

*John J. Capo, Gayle C. Friedman*, for appellants.
*Tom Pye*, for appellee.