75337. REEVES v. CRAWFORD et al.
(364 SE2d 895)

Carley, Judge.

Appellant-plaintiff filed suit, seeking to recover for the property damage to his automobile allegedly caused by appellee-defendants' negligence. Appellees answered, denying the material allegations of the complaint. The case came on for a jury trial. At the close of appellant's evidence, appellees moved for a directed verdict, asserting that, as to the issue of damages, appellant had failed to present sufficient evidence so as to authorize submission of the case to the jury. The trial court granted appellees' motion for a directed verdict and appellant appeals from that order.

Since appellant did not undertake to have repairs made to his automobile after the collision, the proper measure of damages would be the difference in the before and after value of the automobile. See *General GMC Trucks v. Crockett*, 145 Ga. App. 503 (2) (244 SE2d 78) (1978). On direct examination, appellant did testify to the value of his automobile before and after the collision. On cross-examination, however, appellant admitted he had no real idea what the actual value of his car had been before or after the collision and that the opinion he had given as to those values was "mostly" guesswork. Appellees' motion to strike appellant's testimony concerning the value of his automobile was correctly granted by the trial court. Opinion evidence offered by a non-expert witness "as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience, or familiarity with the value of the property in question or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion. [Cits.] Absent this foundation, the opinion as to value [of the property] is inadmissible as it is nothing more than an 'unsupported conclusion or guess of the witness.' [Cit.]" *Sisk v. Carney*, 121 Ga. App. 560, 563 (4) (174 SE2d 456) (1970). See *Harris v. State*, 191 Ga. 243, 259 (9) (12 SE2d 64) (1940). See also Green, Ga. Law of Evidence (2nd ed.), § 110. "The question of damages cannot be left to speculation, conjecture and guesswork. [Cits.]" *Development Corp. of Ga. v. Berndt*, 131 Ga. App. 277, 278 (205 SE2d 868) (1974). Other than his own stricken testimony, appellant introduced no evidence as to the value of his car. "As the [appellant's] evidence

[failed] to provide sufficient data to permit a reasonable determination of allowable damages the trial court did not err in directing a verdict on this issue." *General Warranty Corp &c. v. Cameron-Hogan, Inc.*, 182 Ga. App. 434, 437 (4) (356 SE2d 83) (1987).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JANUARY 12, 1988.

*Paulina C. Hoover, D. Dwight Bowen,* for appellant.
*Donald M. Shivers, James T. Budd,* for appellees.