A93A2090. TRUCK PARTS & SERVICE, INC.
et al. v. RUTLEDGE.
(438 SE2d 404)

BIRDSONG, Presiding Judge.

Truck Parts & Service, Inc. appeals the order of the superior court denying its motion for new trial. Appellants' sole enumeration is that the trial court erred in denying appellants' motion for directed verdict on the issue of damages in that the jury was allowed to consider elicited hearsay testimony which had no probative value and was not based upon an adequate foundation. Specifically, appellants assert that only inadmissible hearsay evidence was introduced as to the value of a building removed without authority from appellee/plaintiff's property by appellant/defendants. *Held*:

1. No timely and specific objection was posed at trial to appellee's testimony concerning the value of the building. Thus, any foundation objection thereto was waived. *Patton v. Bank of LaFayette*, 124 Ga. 965 (7) (53 SE 664); *McGee v. State*, 205 Ga. App. 722, 726 (9) (423 SE 666).

2. "The standard for granting a directed verdict or a judgment notwithstanding the verdict are the same. Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." *Pendley v. Pendley*, 251 Ga. 30 (1) (302 SE2d 554). If there exists some admissible evidence of record regarding the value of the building then there would be no basis for granting directed verdict as to these issues, as the evidence would not demand a verdict in favor of appellants.

Appellant contends that the sole evidence regarding the value of a certain building removed from appellee's property was hearsay testimony of appellee that the value of the building was worth $15,000 to $20,000.

Appellee testified that the building appellant removed was a metal, two-bay shop, approximately ninety feet long and sixty feet wide. Parts of the disassembled building included metal sheets, metal bolts and not less than eight to ten metal beams. Appellee laid the foundation for admission of three photographs of the building; one showed the interior, one was an exterior view of the building, and one showed the building exterior from the side. These photographs were admitted into evidence. Other photographs were identified and admitted showing how the building was removed from the land.

Thereafter, appellee testified that the value of the removed building was $15,000 to $20,000. He subsequently admitted he had gotten the figure testified to as to the building's value from an "estimate" obtained from someone in the business of installing or erecting buildings and not present in court. Appellee also agreed that "those two lists of damages . . . were just somebody else's opinion and not yours," and further conceded he had no factual basis, other than what he thought or speculated, for telling the jury that he suffered total damages in the amount of $29,000. However, appellee re-affirmed that, although he had no independent facts to support his claim for damages, his figures were "based on estimates" he had been given.

Construing appellee's testimony in its totality and in a light most favorable to verdict and judgment (*Dept. of Transp. v. Hillside Motors*, 192 Ga. App. 637, 639 (2) (385 SE2d 746)), we find that in substance appellee was testifying that, based upon estimates he had received, he believed the value of the building to be between $15,000 and $20,000. Thus, appellee was testifying "to a fact within his knowledge, namely that he had made inquiry and developed an estimate [of between $15,000 and $20,000 as the value of] the building." *Harden v. Drost*, 156 Ga. App. 363, 364 (1) (274 SE2d 748); see *B & L Svc. Co. v. Gerson*, 167 Ga. App. 679, 681 (4) (307 SE2d 262); compare *Canal Ins. Co. v. Savannah Bank &c. Co.*, 181 Ga. App. 520, 522 (3) (352 SE2d 835). Appellee's knowledge of the general composition and size of the structure, as corroborated substantially by photographic evidence, together with the fact that he had made an inquiry and developed a broad estimate of value of the building based on "estimates" he had been given, provided some basis for a determination by the trial court that appellee had sufficient opportunity for forming his opinion as to the value range of the building. Involved in the admission of this evidence is the very type of judgment determination left to the discretion of the trial court; the trial court did not abuse its discretion in admitting appellee's testimony as to the value of the building, particularly in view of the lack of a timely and specific objection. Compare *Smith v. Millen Properties*, 179 Ga. App. 165 (345 SE2d 625). This result is consistent with the general rule that all evidence is admitted as a matter of course unless a valid ground of objection is timely interposed. *Wilson v. Southern R. Co.*, 208 Ga. App. 598, 604-605 (4) (431 SE2d 383).

However, appellants, relying in part on *Reeves v. Crawford*, 185 Ga. App. 518 (364 SE2d 895), assert that appellee's testimony was grounded in hearsay. *Reeves*, supra, is distinguishable from this case, as in *Reeves* the party's opinion was based on guesswork; in this case, the opinion as to the range of value was developed by appellee based on estimates obtained. While generally hearsay has no probative value with or without objection (*Higgins v. Trentham*, 186 Ga. 264 (1) (197

SE 862)), " ' "[i]t is no objection to the evidence of a witness testifying as to market value that such evidence rests on hearsay." ' " *Burch v. Lawrence*, 150 Ga. App. 351, 352 (258 SE2d 35) and cases cited. " ' "Evidence of value is not to be excluded merely because the valuation fixed by the witness as a matter of opinion depends on hearsay, hence the testimony of the witness is not objectionable [on hearsay grounds]." . . . "(Market value) may rest wholly or in part upon hearsay, provided the witness has had an opportunity of forming a correct opinion. If it is based on hearsay this would go merely to its weight and would not be a ground for valid objections." ' " *B & L Svc. Co.*, supra at 681 and cases cited therein.

Generally, admissibility of evidence rests in the sound discretion of the trial court. *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.*, 189 Ga. App. 573, 575 (2) (377 SE2d 15). The determination whether appellee had. sufficient opportunity for forming a correct opinion as to the value of the building creates no exception; this determination also rests in the sound discretion of the trial court. *Smith v. Millen Properties*, supra. As above determined, the trial court did not abuse its discretion in admitting the evidence; the record contains some evidence on which a finding could be based that appellee had sufficient opportunity for forming his opinion as to the value range of the building.

Additionally, assuming arguendo that appellee's testimony that the building had a value of between $15,000 and $20,000 was without probative value, nevertheless there exists in the record (by means of photographs and appellee's testimony as to the type of construction and general size of the building) some evidence from which the jury could find that the building had some value. As the jury could find the building had some value, a motion as to directed verdict as to damages for the removal of the building was not demanded by the evidence, and appellants' contention that the trial court erred in denying them a directed verdict as to the issue of damages for building removal would remain without merit. As appellants did not enumerate as error that the verdict and judgment were excessive, this issue is not before us on appeal.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 30, 1993.

*Phillips & Messer, Arthur L. Phillips*, for appellants.
*Chambless, Higdon & Carson, Mary M. Katz*, for appellee.