### A10A1137. THE MARTHA K. WAYT TRUST et al. v. CITY OF CUMMING.
#### (702 SE2d 915)

PHIPPS, Presiding Judge.

On April 13, 2006, the City of Cumming (the City) instituted proceedings to condemn a portion of real property owned by the Martha K. Wayt Trust and the Josephine W. Williams Trust (collectively, the Trusts). A jury trial was held to determine the just and adequate compensation due the Trusts for the partial taking.[1] The Trusts appeal from the judgment entered on the jury verdict, arguing that the court erred in ruling that they had not established a sufficient foundation for their representative, John A. Wayt III, to testify to his opinion on subjects that they contend related to the market value of the condemned property and the consequential damages to the remaining property.[2] Specifically, the Trusts argue that Wayt should have been allowed to give his opinion as to: (1) the cost to construct a bridge to provide access to the remaining property; and (2) the value of stream mitigation credits that they assert they would have sold in connection with the condemned property. For the following reasons, we affirm.

1. The Trusts sought to introduce, as a component of consequential damage to their remaining property, evidence of the cost to build a bridge over a waterway known as Big Creek to cure the Trusts' lost usage, after the condemnation, of a ford over that waterway.[3] To this

---

[1] See Ga. Const. of 1983, Art. I, Sec. III, Par. I (a) (except as otherwise provided therein, private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid); OCGA § 22-2-80 (providing in pertinent part that party dissatisfied with assessors' award may seek jury trial as to value of property or amount of damage done).

[2] See *Dept. of Transp. v. White*, 270 Ga. 281, 282 (508 SE2d 407) (1998) (two elements of damage are to be considered in a condemnation proceeding involving a partial taking – the market value of the property actually taken and the consequential damage that will naturally and proximately arise to the remainder of the owner's property from the partial taking).

[3] See generally *Steele v. Dept. of Transp.*, 295 Ga. App. 244, 247 (2) (671 SE2d 275) (2008) (cost to cure remaining property may be considered as a factor in determining diminished value of remaining property).

end, counsel for the Trusts proffered the following testimony of Wayt: that he had been informed by Forsyth County officials that the Trusts could not construct another ford for access across Big Creek, but instead would need to build a bridge to certain specifications, that the county officials referred him to a company to build the bridge, and that he obtained an estimate from that company. Counsel argued that, "[i]n essence, [Wayt would] be giving the estimate of the company that he was referred to by the County."

The Trusts did not proffer that Wayt obtained any other estimates concerning the cost to construct the bridge, spoke to anyone else about that cost, or possessed or sought to obtain any other information about that cost or about the accuracy of the estimate he had received. The court found that the proffer did not demonstrate a sufficient foundation for Wayt to give a lay opinion on the cost to build the bridge, because it did not show that Wayt had a sufficient opportunity to form a correct opinion on the issue. Consequently, the court ruled inadmissible Wayt's testimony concerning the estimate.

OCGA § 24-9-66 authorizes the admission of lay opinion testimony on the issue of market value, if the witness has had an opportunity for forming a correct opinion thereon.[4] We have held that the opinion of a layperson as to value may be based on hearsay, and that this fact goes to the weight of the opinion rather than its admissibility.[5] A witness seeking to give an opinion as to value, however, must demonstrate that the opinion is his or her own, and not merely a recitation of the opinion of another.[6] The question of whether a witness has established sufficient opportunity for forming a correct opinion on value or has stated a proper basis for expressing that opinion is within the trial court's discretion.[7]

Here, the proffer made by the Trusts did not demonstrate a basis upon which Wayt could have formed his own opinion on the cost to build the bridge apart from the single estimate he received, nor did it demonstrate a basis upon which Wayt could have assessed the

---

[4] See also OCGA § 22-1-14 (a) (value of condemned property may be determined through lay testimony, admissibility of which is within trial court's discretion). Compare *Johnson v. Knebel*, 267 Ga. 853, 855 (1) (485 SE2d 451) (1997) (in case not involving admissibility of lay opinion on value, noting that a lay opinion is not admissible if the facts and circumstances upon which the opinion is based are capable of being clearly defined).

[5] See *Perry v. Perry*, 285 Ga. App. 892, 893 (1) (648 SE2d 193) (2007).

[6] See *Gibbs v. Clay*, 137 Ga. App. 381, 382 (1) (224 SE2d 46) (1976) (distinguishing between testimony to value that is not the opinion of the witness being examined, and which is subject to exclusion on hearsay grounds; and the opinion of the witness based on facts which he has heard and his own knowledge, and which is not subject to exclusion on hearsay grounds).

[7] *Dept. of Transp. v. Southeast Timberlands*, 263 Ga. App. 805, 810 (3) (589 SE2d 575) (2003).

correctness of that estimate.[8] Under these circumstances, we find no abuse of discretion in the court's exclusion, for insufficient foundation, of Wayt's opinion testimony concerning the cost to build the bridge.[9]

Decisions cited by the Trusts in which we affirmed the trial court's determination that a sufficient foundation *had* been presented upon which to admit opinion evidence on value[10] do not require a different conclusion.[11] And we find inapposite decisions cited by the Trusts in which the sufficiency of the foundation for an opinion on value was not raised or discussed.[12]

2. The Trusts sought to introduce, as a component of the market value of the condemned property, evidence concerning the value of stream mitigation credits that they intended to sell in connection with the condemned property. The Trusts introduced evidence that, at the time of the taking in April 2006, they were in the process of creating on the property a stream mitigation bank, for which they anticipated being awarded stream mitigation credits that could be sold to others. The court did not allow Wayt to testify to his opinion of the value of those credits in 2006, however, on the ground that it had not been shown that he had sufficient opportunity for forming a correct opinion thereon.[13] Pretermitting whether the court abused its discretion in determining that there was an insufficient foundation for Wayt's opinion on the value of stream mitigation credits, we find no ground for reversal.

The sole question presented in a condemnation proceeding is the just and adequate compensation due the condemnee, which is determined by the market value of the condemned property at the

---

[8] Compare *Vitello v. Stott*, 222 Ga. App. 134, 136-137 (1) (473 SE2d 504) (1996) (in addition to receiving two estimates on cost of repairing termite damage to house, homeowner inspected extent of termite damage herself); *B & L Svc. Co. v. Gerson*, 167 Ga. App. 679, 680-681 (4) (307 SE2d 262) (1983) (in addition to talking with various people about the cost of performing heating and air conditioning work, homeowner reviewed manufacturer's manual).

[9] See *Smith v. Millen Properties*, 179 Ga. App. 165-166 (345 SE2d 625) (1986) (court did not abuse its discretion in excluding homeowner's opinion on cost to repair various construction defects in house, which he based on his inquiry into and development of estimate for cost to repair).

[10] Cases cited by the Trusts include *Truck Parts &c. v. Rutledge*, 211 Ga. App. 166, 167-168 (2) (438 SE2d 404) (1993); *Doughty v. Simpson*, 190 Ga. App. 718, 720 (2) (380 SE2d 57) (1989); *B & L Svc.*, supra; *Four Oaks Properties v. Carusi*, 156 Ga. App. 422 (274 SE2d 783) (1980); *Contractors Equip. Co. v. Gottfried*, 139 Ga. App. 784 (229 SE2d 558) (1976); *Gibbs*, supra.

[11] See generally *Smith*, supra (although court could have found homeowner's testimony, that he inquired into cost to repair house defects and developed an estimate on same, sufficient to support his lay opinion as to that cost, the court was not compelled to do so).

[12] See *Dept. of Transp. v. Swanson*, 191 Ga. App. 752, 754 (2) (382 SE2d 711) (1989); *Gresham v. White Repair &c. Co.*, 158 Ga. App. 235, 236 (3) (279 SE2d 528) (1981).

[13] See OCGA § 24-9-66.

time of the taking and the consequential damage to the remaining property.[14]

> The fact that the property is merely adaptable to a different use is not in itself a sufficient showing in law to consider such different use as a basis for compensation. It must be shown that such use of the property is so reasonably probable as to have an effect on the *present value* of the land. Even where a different use is probable, the jury cannot evaluate the property as though the new use were an accomplished fact; the jury can only consider the new use to the extent that it affects the market value *on the date of taking*.[15]

The evidence showed that, at the time of the taking, the proposed stream mitigation bank had not yet been created on the condemned property, and no stream mitigation credits had been awarded in connection with the condemned property. And no evidence was presented to show that the proposed future use of the property as a stream mitigation bank, or the value of stream mitigation credits it might have generated under such use, had an effect on its market value *on the date of the taking*. The value of stream mitigation credits was not a component of the calculation of the condemned property's market value testified to by either party's expert witness. And Wayt offered no explanation of how his opinion on the value of credits related to the property's market value on the date of the taking. Thus, the Trusts failed to show how the value of stream mitigation credits was relevant to the sole issue of just and adequate compensation.[16] Accordingly, although the court excluded Wayt's opinion testimony on that issue on a different ground, we affirm the court's ruling as right for any reason.[17]

*Judgment affirmed. Miller, C. J., and Johnson, J., concur.*

## DECIDED NOVEMBER 16, 2010.

---

[14] See *Dept. of Transp. v. White*, supra; *Simon v. Dept. of Transp.*, 245 Ga. 478 (265 SE2d 777) (1980); *Southeast Timberlands*, supra at 809 (2) (a); *Dept. of Transp. v. Mendel*, 237 Ga. App. 900, 901 (1) (517 SE2d 365) (1999).

[15] *Southeast Timberlands*, supra at 808-809 (2) (a) (footnote omitted).

[16] See *Steele*, supra at 248 (3) (no reversible error in excluding testimony, where condemnee failed to make a proffer of what he expected that evidence to show and that the evidence was relevant).

[17] See *Nat. Tax Funding v. Harpagon Co.*, 277 Ga. 41, 45 (4) (586 SE2d 235) (2003); see also *DaimlerChrysler Motors Co. v. Clemente*, 294 Ga. App. 38, 57 (12) (668 SE2d 737) (2008) (affirming, under right for any reason rule, trial court's exclusion of testimony).

794

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert, Nicholas S. Papleacos*, for appellants.

*Miles, Patterson, Hansford & Tallant, Dana B. Miles, Kevin J. Tallant*, for appellee.