A11A1539. TERRELL v. PIPPART.
(724 SE2d 802)

ANDREWS, Judge.

Phyllis Terrell appeals after a jury awarded her former fiancé Christopher Pippart $94,000 on his quantum meruit claim and $12,000 in attorney fees. For reasons that follow, we affirm the quantum meruit award, vacate the award of attorney fees, and remand.

The evidence at trial, taken in the light most favorable to the verdict,[1] was that Pippart and Terrell were engaged to be married when Pippart began building a house on land owned by Terrell's father. The money to build the house came from Pippart and

---

[1] "On appeal from the denial of a motion for a directed verdict or for j.n.o.v., we construe the evidence in the light most favorable to the party opposing the motion, and the standard of review is whether there is any evidence to support the jury's verdict." *Park v. Nichols*, 307 Ga. App. 841, 845 (706 SE2d 698) (2011).

Pippart's mother, with the understanding that Pippart's mother would live in the house with Pippart and Terrell. After the house was built, Thomas Terrell deeded the land to his daughter. Shortly afterward, Terrell broke her engagement to Pippart.

Pippart sued for breach of contract, specific performance, quantum meruit, and attorney fees. The claims of quantum meruit and attorney fees were the only claims that went to the jury.

Terrell filed a motion for judgment notwithstanding the verdict, or for new trial, which the trial court denied. She now appeals.

1. We first address Terrell's contention that the trial court erred in denying her motion for j.n.o.v. or for new trial on Pippart's claim of quantum meruit. In order to recover on a claim for damages based upon quantum meruit, Pippart had to present evidence that (1) his services were valuable to Terrell; (2) his services were either at the request of Terrell or were knowingly accepted by Terrell; (3) Terrell's receipt of the services without compensating Pippart would be unjust; and (4) Pippart expected compensation for his services at the time he provided them. *Memar v. Jebraeilli*, 303 Ga. App. 557, 560 (694 SE2d 172) (2010).

Terrell argues that Pippart did not satisfy the fourth requirement because there was no evidence that he expected compensation when he built the house. We disagree.

Pippart's complaint states that he did expect compensation in that he would receive joint ownership of the house and property after the house was built. Pippart testified at trial that he expected to receive the property and the house after he and Terrell were married. Further, Pippart testified that Terrell's father told him that he would deed the land to Pippart and Terrell after they married. Accordingly, there was evidence to support the jury's award, and the trial court did not err in denying Terrell's motion for j.n.o.v. on Pippart's claim for quantum meruit.

2. Terrell argues that the jury's award of attorney fees under OCGA § 13-6-11 cannot be supported because counsel failed to delineate the amount of time spent on the one successful cause of action. Pippart's counsel testified only to his total fees, which were $23,000 to $24,000.

The trial court did not address the merits of this argument, holding instead that Terrell did not object to this evidence, did not object to the jury charge on the evidence, and did not object to the sufficiency of the verdict. But the transcript shows that it was raised and argued immediately after the attorney testified. Terrell's counsel moved for a directed verdict, correctly pointing out that defense counsel did not testify as to how much of the lump sum would be attributable to the quantum meruit claim. After hearing the argument, the court stated: "I'm reserving the issue on the attorney

fees." At the start of the charge conference the court stated that it would call the law clerk "about the attorney's fees issue." The court later stated that it had decided "to submit the [attorney fees] issue to the jury, and the motion is denied." As to objections to the jury charge, the court stated that those were noted for the record and were "preserved."

Accordingly, the transcript shows that Terrell's attorney moved for a directed verdict on this issue, pointing out that numerous claims were brought against his client and also against Terrell's father that did not go to the jury. The trial court initially declined to rule on the motion but later denied it. Therefore, this issue was raised and ruled on below and thus was preserved for appeal.

> As the Supreme Court made clear in *United Cos. Lending Corp. v. Peacock*, [267 Ga. 145 (475 SE2d 601) (1996),] attorney fees [under OCGA § 13-6-11] and other expenses of litigation may only be awarded as to claims on which the plaintiff is successful. In *United*, the Supreme Court stated that a prerequisite to any award of attorney fees under OCGA § 13-6-11 is the award of damages or other relief on the underlying claim. Thus, where plaintiffs prevailed and were awarded damages under only one of the six counts initially sought, the lump-sum award of attorney fees was reversed and remanded to the trial court for an evidentiary hearing in order that it be limited to the amount attributable solely to the claim in which plaintiffs prevailed.

*Monterrey Mexican Restaurant of Wise v. Leon*, 282 Ga. App. 439, 452 (638 SE2d 879) (2006).

Accordingly, because the evidence of attorney fees was in a lump sum and Pippart did not prove the amount of attorney fees attributable to his successful quantum meruit claim, we reverse the attorney fees' award and remand the case to the trial court to allow Pippart to establish the amount of attorney fees attributable to the claim on which he prevailed. See *David C. Joel, Attorney at Law, P.C. v. Chastain*, 254 Ga. App. 592, 597 (562 SE2d 746) (2002).

3. Terrell also claims that the trial court erred in excluding her sister Terri Parker's opinion testimony concerning the cost of moving the house. The transcript shows that Parker testified that the family had been trying to get the house moved. Parker was asked if she had investigated moving the house and she replied that she had. Counsel then asked: "Do you have any idea about how much that would cost?" Pippart's counsel objected to the question. The trial court sustained the objection on the grounds that Parker would be testifying as to "what somebody else told her it would cost to move

that house" and that was "rank hearsay."

"Evidence of value is not to be excluded merely because the valuation fixed by the witness as a matter of opinion depends on hearsay. . . . Market value may rest wholly or in part upon hearsay, provided the witness has had an opportunity of forming a correct opinion." *B & L Svc. Co. v. Gerson*, 167 Ga. App. 679, 681 (307 SE2d 262) (1983). See also *Four Oaks Properties v. Carusi*, 156 Ga. App. 422, 424 (274 SE2d 783) (1980), holding that even though appellees' opinions were based on hearsay, they "could offer their opinions inasmuch as they provided the reasons therefor and had an opportunity to form a correct opinion."

Accordingly, the trial court incorrectly ruled the evidence inadmissible because it was based on hearsay. We cannot say from the record, however, that the evidence should have been admitted.

> OCGA § 24-9-66 authorizes the admission of lay opinion testimony on the issue of market value, if the witness has had an opportunity for forming a correct opinion thereon. We have held that the opinion of a layperson as to value may be based on hearsay, and that this fact goes to the weight of the opinion rather than its admissibility. A witness seeking to give an opinion as to value, however, must demonstrate that the opinion is his or her own, and not merely a recitation of the opinion of another.

*Martha K. Wayt Trust v. City of Cumming*, 306 Ga. App. 790, 791 (702 SE2d 915) (2010).

"The question of whether a witness has established sufficient opportunity for forming a correct opinion or has stated a proper basis for expressing an opinion is for the trial court." *Smith v. Millen Properties*, 179 Ga. App. 165 (345 SE2d 625) (1986). Here, although Parker testified that she had investigated the cost of moving the house, there was no evidence from which the court could determine that she had a proper basis for forming a correct opinion. Parker did not own the property, was not a party in the case, had no knowledge of the cost of moving a house, and did not state that she had obtained an estimate of the cost of moving the house. See *Johnson v. State*, 156 Ga. App. 411, 413 (274 SE2d 778) (1980) (owner of truck had not received estimate on the replacement value of the windows and therefore his evidence of the cost to replace the truck window was inadmissible). See also *Wayt*, supra at 791 (court found that the proffer did not demonstrate a sufficient foundation for Wayt to give a lay opinion on the cost to build the bridge, because it did not show that Wayt had a sufficient opportunity to form a correct opinion on the issue).

Terrell claims on appeal that, had she been allowed to continue, Parker would have testified that she contacted various home movers and received estimates of cost. There is nothing in the record before us to support this statement, however, because the proffer, if any, was not made on the record.

Further, even if the testimony was excluded in error, the error was harmless. Terrell claims that evidence of the cost to move the house goes to her counterclaim for ejectment, but this claim was not before the jury and is not relevant in proving an award under a claim of quantum meruit. The award in a quantum meruit claim is based on the "reasonable value" of the work. *Zampatti v. Tradebank Intl. &c. Corp.*, 235 Ga. App. 333, 340 (508 SE2d 750) (1998). "The finder of fact must determine in what amount the party receiving was benefitted or enriched by the materials and services." *Langford v. Robinson*, 272 Ga. App. 376, 380 (612 SE2d 552) (2005). The cost to move the house is not relevant to the reasonable value of the work performed by Pippart.[2]

Accordingly, we conclude that there was no reversible error in the trial court's exclusion of the testimony.

*Judgment affirmed in part and vacated in part, and case remanded. Phipps, P. J., and McFadden, J., concur.*

## DECIDED MARCH 1, 2012.

*Clark & Williams, Jason R. Clark, Nathan T. Williams, Ashley E. Browning*, for appellant.

*Ferrier & Ferrier, Joseph H. Ferrier, Crystal R. Ferrier*, for appellee.

---

[2] Here, Pippart testified that the cost of labor and materials to build the house was $104,907.64. An appraiser testified that the house itself was worth $94,000, and that was the amount awarded by the jury.