**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 27, 2012

# In the Court of Appeals of Georgia

A12A0772. WALLIN et al. v. WALLIN.

ANDREWS, Judge.

Cassie Wallin sued her father-in-law Gene Wallin, claiming that he breached an oral agreement to deed a parcel of property to her and her husband Jeremy. Cassie alleged that she and her husband took over the property, made improvements to the property, and paid the mortgages; in return, Gene Wallin promised them that the property would be theirs after the mortgages were paid.

At the time of the filing of this suit, Cassie and Jeremy were going through a divorce proceeding. When Jeremy refused to join Cassie in the suit against his father, Cassie added Jeremy as a defendant. After trial, the jury returned a verdict on Cassie's claim of *quantum meruit* against both Jeremy and his father, who now appeal. Because there is evidence to support the award of damages in *quantum meruit* against

Gene Wallin, but no evidence to support the award against Jeremy Wallin, we affirm in part and reverse in part.

The evidence at trial was, according to Cassie Wallin, that Gene Wallin agreed to let Cassie and Jeremy use the property in question if they paid the two mortgages, approximately $2700 a month, and the taxes. When the mortgages were paid, he would deed the property to Cassie and Jeremy.

Cassie testified that before she and Jeremy were able to take possession of the building on the property, they had to haul off trash in dump trucks. She stated that she and Jeremy and Jeremy's mother worked to clean up the property, and Jeremy painted the building. Cassie and Jeremy ran two businesses on the property for several years, paying the mortgages, insurance and taxes. When the original building was destroyed, they used the insurance money to build a new structure. Cassie submitted evidence that she and Jeremy paid $80,000 toward one mortgage and paid $73,740 toward the other mortgage. Cassie stated that, at the time of trial, the building on the property was insured for $262,000.

After the close of evidence, the jury was charged on the law of contracts and *quantum meruit*. The jury found that Gene Wallin did not make an oral agreement to transfer the property to Jeremy and Cassie Wallin, but awarded damages to Cassie of

2

$276,000 against Gene and Jeremy Wallin on her *quantum meruit* claim. Both Gene Wallin and Jeremy Wallin now appeal.

1. Gene Wallin argues that the evidence was insufficient to support the award of damages against him. In order to recover on a claim for damages based upon *quantum meruit*, Cassie Wallin had to present evidence that: (1) her services were valuable to Gene Wallin; (2) her services were either at the request of Gene Wallin or were knowingly accepted by him; (3) Gene Wallin's receipt of the services without compensating Cassie would be unjust; and (4) Cassie expected compensation for her services at the time she provided them. *Memar v. Jebraeilli*, 303 Ga. App. 557, 560 (694 SE2d 172) (2010). Further, the award on a *quantum meruit* claim is based on the "reasonable value" of the work to the recipient. *Zampatti v. Tradebank Intl. &c. Corp.,* 235 Ga. App. 333, 340 (508 SE2d 750) (1998). "The finder of fact must determine in what amount the party receiving was benefitted or enriched by the materials and services." *Langford v. Robinson*, 272 Ga. App. 376, 380 (612 SE2d 552) (2005).

Gene Wallin claims that there was insufficient evidence of the value to him of the money and effort expended by Cassie Wallin on the property. In reviewing an appeal from a jury verdict, we note that "the jury is not bound by the exact limits of

3

the evidence. The jury may consider the nature of the property involved and any other facts or circumstances within their knowledge, and a verdict which exceeds or falls short of the value testified to will be sustained where there are sufficient facts in evidence from which they may draw a legitimate conclusion, and the verdict is not palpably unreasonable under all the evidence so as to be excessive as a matter of law." *Yoh v. Daniel*, 230 Ga. App. 640, 641 (497 SE2d 392) (1998).

In this case, there was evidence that Cassie and Jeremy paid taxes and insurance on the property and also paid over $153,000 toward the mortgages on the property. They cleaned out and renovated the existing building on the property, then built a new one, which was insured for $262,000. Accordingly, there was sufficient evidence of the value of the improvements on Gene Wallin's property and of the mortgage payments made on his behalf, to support the jury's award of $272,000. See *Terrell v. Pippart,* 314 Ga. App. 483, 487 (724 SE2d 802) (2012) (evidence sufficient where appraiser testified that the house itself was worth $94,000, and that was the amount awarded by the jury); *Memar* supra at 561 (evidence regarding the fair market value of Tract 2 was circumstantial evidence from which the court could determine the conferred benefit to Memar).

4

2. Jeremy Wallin appeals contending that Cassie Wallin could not recover from him on a *quantum meruit* claim because he did not own the property. The record shows that Cassie Wallin wanted Jeremy to join her in the suit against Gene Wallin, but he refused. Cassie then added him as a defendant and, when Jeremy did not file an answer, a default judgment was entered against him, with only the issues of damages and relief going to the jury.

At trial, the evidence was that the improvements and payments were made jointly by Cassie and Jeremy, and therefore there was no evidence to support Cassie's *quantum meruit* claim against her husband.

"Ordinarily, when one renders service or transfers property which is valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof. However, this presumption does not usually arise in cases between very near relatives." OCGA § 9-2-7. As previously stated, Cassie had to present evidence that: (1) her services were valuable to Jeremy; (2) her services were either at the request of Jeremy or were knowingly accepted by Jeremy; (3) Jeremy's receipt of the services without compensating Cassie would be unjust; and (4) Cassie expected compensation for her services at the time she provided them. *Memar,* supra at 560.

5

There was no evidence at trial to support any of these required elements. The only evidence submitted as to the value of Cassie's services to Jeremy is the testimony of Gene Wallin that Jeremy and Jeremy's sister would inherit the property when he died. Even if this was some evidence that Jeremy would possibly receive some benefit in the future, there was no present benefit because Jeremy does not own the property nor any interest in the property.

Further, there is no evidence that there was ever any expectation by either party that Cassie would be compensated by Jeremy for her contributions to their businesses while they were a married couple. "The law will not imply a promise to pay for services contrary to the intention of the parties. There can be no recovery for services rendered voluntarily and with no expectation *at the time of the rendition* that they will be compensated. Under such circumstances no obligation is incurred. A subsequent change of intention by the parties performing the services does not alter the rule." *Smith Dev. v. Flood,* 198 Ga. App. 817, 820-821 (403 SE2d 249) (1991); OCGA § 9-2-7. Accordingly, because there is no evidence to support it, the judgment for damages against Jeremy Wallin must be reversed.

*Judgment affirmed in part and reversed in part. Doyle, P. J., and Boggs, J., concur.*