## A96A0544. VITELLO v. STOTT et al.
### (473 SE2d 504)

ANDREWS, Judge.

Shortly after Lisa Vitello purchased a house from Alfred Stott, she removed some vinyl siding from the house for a remodeling project and discovered extensive structural damage caused by termites. The damage, which existed at the time of the purchase, was not visible and was not discovered by Vitello prior to the closing because it was concealed under the vinyl siding which was placed over the original wood siding on the house. Vitello sued the seller (Stott), the individual and corporation which provided the termite report for the closing (Billy Taylor, individually and d/b/a Advanced Exterminating

Company, Inc.), the selling broker and the broker's sales agent (Northside Realty, a division of Fairgreen Capital, L.P., and Mary Agraz), and the corporation which Vitello hired to perform her inspection of the house under the terms of the sales contract (Hyre Building Inspection, Inc.).

In the pre-trial order entered in the case, Vitello alleged the defendants were aware of the hidden termite damage prior to the closing and that they fraudulently concealed this information from her and misrepresented the condition of the house and thereby fraudulently induced her to buy the termite-ridden house. She also alleged the defendants breached contractual obligations owed to her and that she was damaged by the professional negligence of defendants Taylor, Agraz, and Hyre.

At the close of the evidence presented by Vitello, the trial court granted a directed verdict in favor of all the defendants on the basis that Vitello failed to produce any evidence of damages showing either the diminished value of the property or the cost of repairing the termite damage. The trial court also granted a directed verdict in favor of defendant, Hyre, on the basis that Vitello failed to prove breach of contract or negligence. Vitello appeals from the trial court's order granting the directed verdicts.

1. Vitello claims the trial court erred by refusing to allow her to provide evidence of damage by giving her own non-expert opinion testimony as to the diminished value of the property with the hidden termite damage.

A non-expert witness may render an opinion as to the value of realty if the evidence shows the witness had an opportunity for forming a correct opinion. OCGA § 24-9-66; *Central Ga. Power Co. v. Cornwell*, 139 Ga. 1, 5 (76 SE 387) (1912). Vitello testified that upon moving to Marietta in February 1993 she rented an apartment in the historical district of the city and began looking for a house to purchase in that area. She contacted a real estate agent who showed her numerous houses for sale in the historical district and discussed prices and purchase offers on various properties. Near the end of April 1993, Vitello made an offer to purchase the subject property, which was located in the historical district, and signed a sales contract with Stott on April 28, 1993, to purchase the house for $90,000.

Shortly after the closing on June 7, 1993, Vitello hired a contractor to do some remodeling on the house. In the course of this work, Vitello testified that the contractor removed a portion of the vinyl siding on the house and discovered termite damage hidden under the siding. Upon further investigation and removal of the vinyl siding from the house, Vitello discovered that a large portion of the house had extensive and severe structural damage caused by termites, which had been hidden from view under the vinyl siding. Vitello

made a close personal inspection of the damage visible after removal of the siding and photographed and videotaped the damage. She also had two contractors inspect the house and give her estimates describing the damaged areas and the means, time, and cost necessary to repair the termite damage.

Based on testimony as to her recent familiarity with the value of similar houses for sale in the historical district, Vitello gave unobjected-to opinion testimony that the value of the house, as represented at closing in a structurally sound condition without the termite damage, would have been $90,000. When she was asked to give her opinion as to the diminished value of the house with the extensive structural termite damage, an objection was interposed that Vitello failed to show she had an opportunity to form a correct opinion because there was no evidence she was familiar with the market for similar termite-ridden houses in the area. The trial court sustained the objection and excluded the opinion testimony.

Generally, we will not disturb a trial court's determination as to whether a witness had sufficient opportunity for forming a correct opinion. *Smith v. Millen Properties*, 179 Ga. App. 165 (345 SE2d 625) (1986). However, it was clear error in this case for the trial court to exclude Vitello's opinion testimony on the basis that she had not demonstrated knowledge of the market for similar termite-ridden houses. Given the doubtful existence of any such market for termite-ridden houses, the issue was whether the record demonstrated that Vitello had an opportunity to form a correct opinion as to the amount this particular house diminished in value given the termite damage discovered after the closing.

No objection was made to Vitello's opinion, based on her familiarity with similar property in the area, that the house in a structurally sound condition would have had a value of $90,000, so the relevant question was whether, in light of this knowledge, she had an opportunity to form a correct opinion as to the diminished value of the house with the termite damage. Vitello testified that she personally viewed the visible termite damage after the removal of the vinyl siding from the house, and she met with two contractors who inspected the house and gave her estimates of the damage to the house describing the extent of the damage and the cost of repairs.

This evidence demonstrated that Vitello was qualified to give an opinion as to the amount the termite damage diminished the value of the property. *Schoolcraft v. DeKalb County*, 126 Ga. App. 101, 102-103 (189 SE2d 915) (1972). Even if the opinion as to value was based in whole or in part on hearsay, this goes to the weight of the testimony and was not a basis for excluding the opinion. Id. at 103; *City of Alma v. Morris*, 180 Ga. App. 420, 422 (349 SE2d 277) (1986). Since Vitello's testimony gave a basis for her opinion and showed she had

an opportunity to form a correct opinion, it was error to exclude her opinion as to the diminished value of the property.[1] Id. at 421; *Oglethorpe Realty Co. v. Hazzard*, 172 Ga. App. 98, 99 (321 SE2d 820) (1984); *Schoolcraft*, supra; OCGA § 24-9-66. It follows the trial court erred by directing verdicts on the basis that Vitello failed to prove damages.

2. We do not address Vitello's enumerations of error dealing with whether sufficient evidence was presented to enable the jury to calculate damages by determining the cost of repairing the termite damage and whether the evidence was sufficient to support claims against Hyre for professional negligence and breach of contract. Since additional or different evidence may be presented at a new trial, none of the enumerations relating to the sufficiency of the evidence will be considered. OCGA § 5-5-48; *Tompkins v. West*, 123 Ga. App. 459, 461 (181 SE2d 549) (1971). Contrary to Vitello's contention in her last enumeration of error, the order entered by the trial court does not direct verdicts in favor of defendants Stott, Northside Realty, and Agraz on the basis that there was no evidence of fraud.

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED JUNE 7, 1996 — RECONSIDERATION DENIED
JUNE 19, 1996 AND JULY 9, 1996 — ▮▮▮▮▮▮▮▮

*Sams & Larkin, Garvis L. Sams, Jr., Joel L. Larkin, William W. Groves*, for appellant.

*Robert E. Flournoy III*, for appellees.

---

[1] For purposes of a new trial, we do not determine that the jury must apply this damage rule to the exclusion of any other measure of damages which may be appropriate under the evidence. See *Atlanta Recycled Fiber Co. v. Tri-Cities Steel Co.*, 152 Ga. App. 259, 264-265 (262 SE2d 554) (1979).