## A11A1261. IVY ROAD PROPERTIES, LLC et al. v. FIRST CITIZENS BANK AND TRUST COMPANY.
(715 SE2d 809)

MIKELL, Judge.

Ivy Road Properties, LLC, John DeYonker III, W. Mark Shaw, and Kent S. Levenson appeal from the trial court's order confirming the nonjudicial foreclosure sale of land which First Citizens Bank and Trust Company ("First Citizens") held as security for a loan.

A foreclosure sale was conducted by First Citizens on February 2, 2010, for a 34.89 acre tract on Ivey Road in unincorporated Cobb County. First Citizens submitted the only bid for the property in the amount of $1,533,000. At the confirmation hearing, First Citizens presented Dennis Carr, an MAI-designated independent real estate appraiser, as its expert witness on the issue of the true market value of the property. No objection was voiced by appellants to his qualifications or his opinion of the true market value of the property. Carr opined that the value of the property on the date of the foreclosure was $1,460,000. Carr's written appraisal reports (one from August 2009 and one from October 2010, effective as of February 2, 2010) were also admitted into evidence without objection. Carr looked for comparable land sales but could not find any that reflected the economic downturn. He found very few land sales at all, and those reflected a drastic cut of 40 percent and as much as 60 to 70 percent to account for a new layer of profit in an investor buying and holding the property for future sale. Therefore, Carr used a hybrid of the sales comparison and income approach in appraising the property to reflect the economic downturn. He used a sales comparison approach of pre-recessionary sales to come up with a "stabilized value" of the property in a normal, stabilized market, which was $2,360,000. In Carr's opinion, the most likely buyer would be an investor or builder who would expect to hold the property for three years. Carr used a discount rate of 17 percent per year to account for the risk involved in purchasing now for future income. That discount resulted in a total of $1,473,000, from which Carr subtracted the expected tax costs for the three years, yielding his final opinion of value of $1,460,000.

Appellants do not challenge the validity of the statutory notices given, advertisements published, and/or reports filed by First Citizens regarding the foreclosure sale or that the sale was "regular," but argue only that First Citizens' expert's opinion was not the product of a reliable method for determining the true market value of real property and did not establish the true market value of the property.

In confirming a nonjudicial foreclosure sale under OCGA § 44-14-161, the trial court "shall require evidence to show the true

market value[1] of the property sold under the powers and shall not confirm the sale unless it is satisfied that the property so sold brought its true market value on such foreclosure sale."[2] In these proceedings, "the trial court sits as the trier of fact, and its findings and conclusions have the effect of a jury verdict."[3] We will not disturb the trial court's decision if there is any evidence to support it,[4] and "we do not determine witness credibility or weigh the evidence and we view the evidence in the light most favorable to the trial court's judgment."[5]

1. Appellants' first enumeration is that the testimony of Carr "was not the product of a reliable method for determining the true market value of real property because it was not based upon evidence of actual sales and should not have been considered by the trial court."

As previously noted, however, no objection was made below to either the testimony of Carr or to the two written appraisals produced by him and introduced into evidence.

"This [s]tate has long followed the contemporaneous objection rule, which provides that counsel must make a proper objection on the record at the earliest possible time to preserve for review the point of error."[6] "All evidence is admitted as of course, unless a valid ground of objection is interposed, the burden being on the objecting party to state at the time some specific reason why it should not be admitted."[7] The failure to make an objection which is both timely and specific is treated as a waiver.[8]

"Where there is no ruling to review, this Court cannot consider the enumerated error."[9] Accordingly, this argument presents nothing for our review.

2. In their second enumeration, appellants argue that Carr's testimony "did not establish the true market value of the Property

---

[1] True market value "is the price which the property will bring when it is offered for sale by one who desires, but is not obliged, to sell it, and is bought by one who wishes to buy, but is not under a necessity to do so." (Citation and punctuation omitted.) *Gutherie v. Ford Equip. Leasing Co.*, 206 Ga. App. 258, 259 (1) (424 SE2d 889) (1992).

[2] OCGA § 44-14-161 (b).

[3] (Citations omitted.) *Boring v. State Bank & Trust Co.*, 307 Ga. App. 93, 94 (704 SE2d 207) (2010).

[4] *Oates v. Sea Island Bank*, 172 Ga. App. 178 (1) (322 SE2d 291) (1984).

[5] (Citation omitted.) *McCain v. Galloway*, 267 Ga. App. 505 (600 SE2d 449) (2004).

[6] *State v. Larocque*, 268 Ga. 352, 353 (489 SE2d 806) (1997), citing *Sharpe v. Dept. of Transp.*, 267 Ga. 267 (1) (476 SE2d 722) (1996).

[7] (Citations and punctuation omitted.) *Davis v. Rathel*, 273 Ga. App. 183, 186 (2) (614 SE2d 823) (2005).

[8] *Seabrooks v. State*, 251 Ga. 564, 567 (1) (308 SE2d 160) (1983).

[9] (Citation omitted.) *Fredericks v. Hall*, 275 Ga. App. 412, 414 (3) (620 SE2d 638) (2005). Accord *Davis*, supra.

as defined by law and was an insufficient basis to confirm the foreclosure sale."

Although First Citizens argues that this enumeration was also waived by failure to object to Carr's testimony below, we will address it to the extent that it addresses the sufficiency of the valuation evidence.[10]

As set out above, Carr explained his methodology used to compute and the factual information upon which he based his appraisal. "There being no evidence that his valuation was based on sheer speculation, we will not second-guess his methodology."[11] "As a general rule the price brought at a public sale, after proper and lawful advertisement, is prima facie the market value of the property sold, absent anything to indicate that there was chilling of the bidding, fraud, or the like adversely affecting the sale."[12]

Also, whether the valuation methodology of Carr contained errors went to the weight and credibility of his testimony, matters properly left to the trial court as the trier of fact.[13]

OCGA § 44-14-161 (b) does not preclude any specific method of property appraisal and Carr provided opinion evidence of the true market value of the property. Therefore, the trial court was authorized to find that First Citizens' winning bid at the foreclosure sale represented the true market value of the property.[14]

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED AUGUST 16, 2011.

*Schreeder, Wheeler & Flint, Debbie A. Wilson, Troutman Sanders, Cory S. Menees*, for appellants.
*Busch, Slipakoff & Schuh, Mathew A. Schuh*, for appellee.

---

[10] "[Appellants] did not move to exclude the testimony of [First Citizens'] expert; did not object at the confirmation hearing to the admissibility of the expert's testimony; and did not move to strike the expert's testimony regarding the valuation. . . . [T]he only issue before this Court is the sufficiency of the valuation evidence." *Jimmy Britt Builders, Inc. v. Suntrust Bank*, 307 Ga. App. 663, 665 (1), n. 3 (706 SE2d 665) (2011).

[11] (Citation omitted.) *Boring*, supra at 96 (2).

[12] (Citations and punctuation omitted.) Id. at 96-97.

[13] *Jimmy Britt Builders, Inc.*, supra at 667 (1).

[14] *Atreus Communities of America v. Keybank Nat. Assn.*, 307 Ga. App. 716, 720 (706 SE2d 107) (2011); *Jimmy Britt Builders, Inc.*, supra at 668 (1); *Boring*, supra at 97 (2).