S13A0964. JORDAN v. THE STATE.
(748 SE2d 876)

THOMPSON, Chief Justice.

Appellant Darius Jordan was convicted of felony murder, armed robbery, and other crimes arising out of the shooting death of James Yarbrough.[1] He appeals from the denial of his motion for new trial, asserting the trial court erred by admitting evidence of his telephonic

---

[1] The crimes were committed on December 22, 2007. Appellant was indicted by a Fulton County grand jury on June 11, 2010, and charged with four counts of felony murder, two counts of armed robbery, two counts of aggravated assault with a deadly weapon, possession of a firearm by a convicted felon, possession of a firearm during the commission of a crime, and possession of a firearm by a first offender probationer. Trial commenced on August 16, 2010, and the jury returned its verdict on August 19, 2010, finding appellant guilty of two counts of felony murder based on the underlying felonies of armed robbery and aggravated assault, two counts of armed robbery, two counts of aggravated assault, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. The trial court sentenced appellant on August 20, 2010, to life in prison for felony murder, a consecutive twenty-year sentence for the aggravated assault of Kenneth Kaiser, and a consecutive five-year term of imprisonment for possession of a firearm during the commission of a felony. The remaining counts of the indictment merged or were vacated by operation of law. *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Appellant filed his motion for a new trial on August

statements to a friend in violation of *Miranda,* denying his motions for mistrial, and failing to find that trial counsel provided ineffective assistance. We find no reversible error and affirm.

Viewed in the light most favorable to the verdict, the jury was authorized to find that on the evening of December 22, 2007, Yarbrough and his nephew, Kenneth Kaiser, were walking to a check cashing store to cash Yarbrough's $1,500 pay check. Appellant and another male offered to give them a ride in their black Honda. Appellant, who was wearing a Santa hat, identified himself as "Whodi." The four men drove around for several hours, talking and making various stops along the way, with Yarbrough telling the men that he had money to spend. After Yarbrough cashed his check and gave $100 to Kaiser, Kaiser heard appellant talking on his cellular phone and mentioning the $1,500. Later, appellant parked the car on a street, and a third individual came out of hiding with a gun. Appellant and the gunman ordered Yarbrough and Kaiser out of the car at gunpoint, rifled through their pockets, and took their money. Yarbrough, who was vocally angry about the robbery, was shot after he refused to walk away.

Using videotape from the check cashing establishment, police identified the black Honda and located its owner, Bertha Grier. At the time the vehicle was located, it was being driven by Grier's son, who called his mother to let her know police were questioning him about the crimes. Grier drove to the parking lot where police had stopped the car and told investigator Kevin Otts that on the night of the crimes she loaned the car to appellant, whom she knew as "Whodi," and stated that he was at that time wearing a Santa hat. Grier then called appellant, placed him on speaker phone in Otts' presence, and asked appellant why police were saying her car had been involved in a murder. Appellant responded that he had picked up two men, took them to cash a check with the intent to rob them, but after one of the men "bucked," they shot him. After giving several statements to police in which he claimed he dropped off the victims earlier in the evening, appellant admitted his involvement in the crimes.

We conclude the evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crime of felony murder and the other crimes for which he was convicted. *Jackson v. Virginia,* 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

---

20, 2010, and amended the motion on September 10, 2010, and August 31, 2011. His motion for new trial was denied on November 8, 2012. Appellant filed a premature notice of appeal on November 2, 2011. The appeal was docketed to the April 2013 term of this Court and submitted for decision on the briefs.

1. We find no error in the admission of appellant's statements to Grier made without the benefit of warnings as required by *Miranda v. Arizona*, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966). Appellant's statements were made during a telephone conversation initiated by Grier at her insistence because she wanted to know why police thought her car had been involved in a murder and because she did not want her son, who was driving the car at the time of the stop, to be wrongfully implicated. Otts did not ask Grier to call appellant, but in fact, discouraged her from making the call because he feared she would alert appellant that police were looking for him. In addition, Otts did not ask any questions during the conversation; nor did he instruct Grier to make any specific inquiries. Absent any evidence that Grier was acting as an agent of law enforcement or that appellant was restrained or in custody at the time he made the challenged statements, *Miranda* does not apply. See *Colorado v. Connelly*, 479 U. S. 157, 170 (107 SCt 515, 93 LE2d 473) (1986) ("The sole concern of the Fifth Amendment, on which *Miranda* was based, is governmental coercion"); *Sewell v. State*, 283 Ga. 558, 560-561 (662 SE2d 537) (2008) (*Miranda* warnings not necessary unless reasonable person in suspect's situation would perceive he was in custody); *Cook v. State*, 270 Ga. 820, 826 (514 SE2d 657) (1999) (*Miranda* not implicated when accused makes incriminating statements to person other than law enforcement, such as a family member or close friend); *Harper v. State*, 249 Ga. 519 (4) (b) (292 SE2d 389) (1982) (witness not agent of law enforcement where she visited defendant of her own initiative and officers did not request that she seek specific information). Appellant has failed to present any evidence that his statements were involuntarily made or were induced by hope of benefit. See OCGA § 24-3-50.

2. Appellant contends the trial court erred by denying his two motions for mistrial.

(a) The first motion for mistrial was made after investigator Otts testified on re-direct examination that early in his interrogation appellant "was playing games back and forth, didn't want to give us the full truth even though we knew so much of the truth" and that appellant kept giving them "the run-around." Appellant contends this testimony went to the ultimate issue in the case, which he argues was whether he was being truthful about his innocence, and therefore, it was inadmissible opinion evidence. See OCGA § 24-9-65.[2]

---

[2] OCGA § 24-9-65 was repealed on January 1, 2013, when Georgia's new Evidence Code took effect, and was replaced with OCGA § 24-7-701 (a).

"Ordinarily, a witness may not express his opinion as to an ultimate fact, because to do so would invade the province of the jury. [Cit.]" *Fordham v. State*, 254 Ga. 59 (4) (325 SE2d 755) (1985). Here, however, even assuming this ground for objection has been preserved for review, we cannot agree with appellant that Otts' testimony constitutes an impermissible opinion regarding the ultimate issue. The ultimate issue in the case was whether appellant was guilty of the crimes charged. Otts was not asked for and did not give his opinion about whether appellant committed the crimes. Instead, the challenged testimony describes the circumstances of the custodial interview and explains why, based on Otts' own observations, the interview lasted several hours. The fact that appellant initially denied any involvement in the crimes and was not forthcoming in his statements to police, made evident by his subsequent admissions, was relevant to the issue of his guilt or innocence and was properly presented to the jury for its consideration. See *Harris v. State*, 279 Ga. 304 (1) (612 SE2d 789) (2005) (lay witness may relate opinion as to the existence of any fact so long as it is based on that person's own experiences and observations and matter referred to is within scope of average juror's knowledge). Moreover, the trial court gave a curative instruction reminding jurors they were the ultimate judges of all facts and it was their duty to determine the credibility of all witnesses. Given the nature of Otts' statements, the context in which they were made, and the curative instruction given by the trial court, we find no error in the trial court's denial of the motion for mistrial on this ground.

Nor can we agree with appellant's claim that Otts' testimony improperly interjected his character in issue. "Whether to admit evidence is a matter that rests in the sound discretion of the trial court." *Price v. State*, 269 Ga. 373, 374 (2) (497 SE2d 797) (1998). The State offered Otts' testimony on re-direct in response to a defense implication that appellant had been subjected to an overly burdensome interrogation. It was material to explain the circumstances of the interrogation, and it was not rendered inadmissible merely because it may have incidentally placed appellant's character in issue. See id.; *Borders v. State*, 285 Ga. App. 337 (2) (646 SE2d 319) (2007); *Peeples v. State*, 234 Ga. App. 454, 458 (4) (507 SE2d 197) (1998). Accordingly, the trial court did not abuse its discretion in admitting the testimony or denying the motion for mistrial.

(b) The second motion was made during the State's closing argument when, after reviewing the evidence presented to the jury, the prosecutor commented that appellant's actions demonstrate he intended to commit armed robbery and "the State believes the evidence has proven beyond a reasonable doubt that [the] armed

robbery. . . ." Appellant interrupted the prosecutor and moved for a mistrial on the ground that the comment improperly conveyed the prosecutor's personal belief that appellant was guilty of armed robbery. See OCGA § 17-8-75. The trial court disagreed and denied the motion for mistrial. The court nevertheless instructed the prosecutor to back up and restate what he believed the evidence had established. The prosecutor did so, after reminding jurors that they were the "sole deciders of the facts."

Although Georgia law makes clear that a prosecutor may not state to the jury his or her personal belief in a defendant's guilt, OCGA § 17-8-75, and the statement to which appellant objected definitely implies such a belief based on the prosecutor's evaluation of the evidence, we find no abuse of discretion in the trial court's denial of the motion for mistrial. Any improper impression was removed from jurors' minds when the trial court instructed the prosecutor to restate his argument based on what the evidence established, and the prosecutor, through his own comments to the jury, reminded jurors they were the ones who were to decide appellant's guilt or innocence and that argument of counsel is not evidence. Because corrective measures were undertaken, we conclude no reversible error resulted from the State's comment and a mistrial was not demanded. See *Fincher v. State*, 276 Ga. 480 (4) (578 SE2d 102) (2003); *Castell v. State*, 250 Ga. 776 (8) (a) (301 SE2d 234) (1983).

3. Appellant contends counsel provided ineffective assistance by failing to argue that Grier was acting as a state agent when she questioned him on the telephone and failing to object to Otts' testimony about the interrogation on the ground that it placed his character in issue. In order to succeed on a claim that counsel was ineffective, a defendant must prove both that trial counsel's performance was deficient and that there is a reasonable likelihood that the result of the proceeding would have been different but for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984); *Lajara v. State*, 263 Ga. 438 (3) (435 SE2d 600) (1993). If a defendant fails to meet his or her burden of proving either prong, the reviewing court need not examine the other prong. *Strickland,* supra, 466 U. S. at 697 (IV). In reviewing the trial court's decision, " '[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Appellant has failed to satisfy the first *Strickland* prong with regard to this enumeration of error inasmuch as counsel's failure to make a meritless objection cannot constitute evidence of ineffective assistance. See Divisions 1 and 2 (a), supra; *Jones v. State*, 280 Ga.

205 (2) (a) (625 SE2d 1) (2005); *Hayes v. State*, 262 Ga. 881 (3) (c) (426 SE2d 886) (1993). Accordingly, the trial court did not err in denying appellant's motion for new trial based on counsel's alleged ineffective assistance.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 23, 2013.

*Walker L. Chandler*, for appellant.

*Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, David K. Getachew-Smith, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Clint C. Malcolm, Assistant Attorney General*, for appellee.