**SECOND DIVISION**
**MILLER, P. J.**
**BRANCH and PETERSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 2, 2016**

# In the Court of Appeals of Georgia

A15A2066. DAGNE v. SCHROEDER.                          PE-038

PETERSON, Judge.

Emebet Dagne appeals from a jury verdict and judgment arising out of an automobile accident she caused that injured Sue Schroeder and Schroeder's minor daughter. Dagne contends that the trial court erred by (1) denying her motion for partial summary judgment on the issue of punitive damages, (2) allowing witnesses to offer lay opinions about whether she was intoxicated at the time of the collision, (3) denying her motion for directed verdict and motion for judgment notwithstanding the verdict on the issue of punitive damages, (4) precluding her from introducing evidence of her financial condition, and (5) failing to grant a mistrial after Schroeder mentioned a conviction that the trial court had previously ruled was inadmissible. We affirm because Dagne's argument regarding the denial of her summary judgment

motion is moot; the lay opinion testimony was admissible because the opinions were based on personal observation; she does not challenge the trial court's conclusions that the jury could award punitive damages based on her erratic driving; the trial court did not abuse its discretion in disallowing Dagne from presenting evidence of her financial condition because it also limited Schroeder's ability to introduce evidence on the issue; and Dagne failed to preserve the objection upon which she moved for a mistrial.

Construed in the light most favorable to the jury verdict, the evidence shows that on the afternoon of November 11, 2011, Schroeder was driving her van home after picking up her daughter from school. Dagne was driving in the opposite direction along the same road. Witnesses observed that Dagne was driving erratically. Bill Maxwell, who was riding in a vehicle with Diedre Walsh, twice attempted to pass Dagne because she was stopped in the middle of the road. Both times, Dagne quickly accelerated and then came to an abrupt stop in order to prevent Maxwell from passing her. After Maxwell got behind Dagne after his second unsuccessful attempt to pass, Dagne quickly sped away, ran a stop sign, and came to an abrupt stop in the middle of the intersection. Dagne remained in the intersection for a second or two before speeding off.

As Dagne drove down the road, she swerved within her lane and continuously sped up and slowed down. Dagne then shifted to the left, angling her car to oncoming traffic. Schroeder testified that Dagne hesitated, so she believed Dagne was going to wait for her to pass before making the turn. When Schroeder realized that Dagne was not going to stop, Schroeder attempted to avoid a collision by turning her vehicle to the right, but she was still struck by Dagne's vehicle. The impact of the collision sent Schroeder's van airborne, and her van tumbled several times after hitting the ground before finally coming to a rest upside down.

Walsh called 911 and reported that a drunk driver had caused an accident, and she and Maxwell then attempted to render aid. Maxwell first checked to see if Dagne was okay. Although Dagne was dazed and did not respond to Maxwell's questions, Maxwell did not see any visible injuries and so he turned his attention to Schroder's van. Schroeder was hanging upside down by her seatbelt, her left leg was twisted at an unusual angle, and she was screaming in pain. Schroder's daughter managed to crawl out of the van. Emergency responders were able to free Schroeder and took her and her daughter to the hospital. At some point, Dagne exited her car and was sitting on the grass, but she never attempted to help Schroeder or her daughter.

Schroeder sued Dagne to recover medical expenses that Schroeder and her daughter incurred as a result of the accident and to recover for Schroeder's pain and suffering. Schroder also sought punitive damages based on a claim that Dagne was impaired at the time of the accident and that her driving history showed a pattern of reckless and wanton conduct.

At the first phase of the bifurcated trial, Walsh and Maxwell testified that they believed that Dagne was driving while under the influence, although they conceded that they did not know whether she had consumed any drugs or alcohol. Dagne moved for a directed verdict on punitive damages because Walsh's and Maxwell's testimony did not establish evidence of Dagne's impairment. The trial court denied Dagne's motion, concluding that Walsh's and Maxwell's testimony would support an inference that Dagne was impaired. Dagne then called the police officer who responded to the accident, and the police officer testified that he did not observe any signs that Dagne was under the influence of drugs or alcohol. After Dagne rested, she renewed her motion for a directed verdict, again arguing that there was no evidence of impairment to support a punitive damages award. The trial court denied the motion, concluding that evidence of Dagne's actions raised a jury question as to whether Dagne showed an entire want of care, willful misconduct, malice, or

wantonness. The trial court subsequently charged the jury that it had to determine whether Dagne's actions met this standard and, thus, whether punitive damages were warranted.

Following the first phase of the bifurcated trial, the jury returned a verdict of $150,000 in compensatory damages and concluded that Dagne was liable for punitive damages. At the second phase of the trial, Schroeder introduced evidence of Dagne's prior convictions for DUI, speeding, and reckless driving[1]. The jury subsequently awarded Schroder $100,000 in punitive damages, and it specifically found that Dagne was not under the influence of drugs or alcohol at the time of the collision.

1. Dagne argues that the trial court erred in denying her motion for partial summary judgment on Schroder's punitive damages claim because there was no evidence to support the allegation that Dagne was driving under the influence of drugs or alcohol. However, "after verdict and judgment, it is too late to review a judgment denying a summary judgment, for that judgment becomes moot when the

---

[1] Schroeder submitted evidence that Dagne had two separate DUI charges, but adjudication was withheld in one case pending completion of twelve months probation, and Dagne's probation was terminated before expiration of the twelve months. Dagne testified that her probation was terminated early when she successfully completed the terms of probation.

5

court reviews the evidence upon the trial of the case." *Moore v. Moore*, 281 Ga. 81, 85 (6) (635 SE2d 107) (2006) (citation and punctuation omitted).

2. Dagne next argues that the trial court erred during the first phase of the trial by allowing Maxwell and Walsh to offer lay opinions that they believed Dagne was driving while impaired, because they admitted that they did not know whether she had consumed any alcohol or drugs. We disagree.

"The admission or exclusion of lay opinion evidence is committed to the sound discretion of the trial court," and appellate courts will not interfere with such a ruling absent an abuse of discretion. *Faulkner v. State*, 295 Ga. 321, 324 (2) (758 SE2d 817) (2014). OCGA § 24-7-701(a) provides that a lay witness's testimony in the form of opinion shall be limited to those opinions that are (1) rationally based on the perception of the witness; (2) helpful to a clear understanding of the witness's testimony or a determination of a fact in issue; and (3) not based on scientific, technical, or other specialized knowledge.[2] Georgia appellate courts have held that a witness may testify, on the basis of personal observation, about whether another person did or did not appear to be intoxicated on a given occasion. *See, e.g., Knight*

---

[2] OCGA § 24-7-701(a) replaced former OCGA § 24-9-65. *Jordan v. State*, 293 Ga. 619, 621 (2) (a), n.2 (748 SE2d 876) (2013).

*v. State*, 271 Ga. 557, 562 (6) (521 SE2d 819) (1999); *see also* Paul S. Milich, Georgia Rules of Evidence § 15:2 at 491, n.17 (2015-2016 ed.) (under section 701(a), a lay witness may express an opinion about another person's intoxication, so long as opinion is based on personal knowledge and the witness states factual basis for opinion).

Here, Maxwell testified that he told the responding police officer that Dagne had been driving erratically prior to the accident and suggested that the officer perform a toxicology screen of Dagne. Maxwell explained that he made this recommendation to the police officer because he believed Dagne was intoxicated based on her erratic driving, which was consistent with someone who was intoxicated. Prior to Maxwell's testimony, Dagne stated that she would have no objection to Maxwell testifying as to what he reported to the officer, but would object to him giving any opinion about her impairment because Maxwell did not know whether she had consumed any drugs or alcohol. Because Maxwell's opinion that Dagne was impaired was helpful to understand his testimony that he recommended to the responding officer that he perform a toxicology screen on Dagne, and because his opinion was based on his personal observations, the trial court did not abuse its discretion in allowing Maxwell's opinion testimony. *See Knight*, 271 Ga. at 562 (6).

With respect to Walsh's testimony, Dagne did not object to the playing of Walsh's 911 call, in which she reported that a drunk driver caused the collision. Nor did Dagne object when Walsh explained that she believed Dagne was drunk because the way Dagne was driving was "very oblivious and confused." Dagne's failure to object to this testimony resulted in a waiver of her challenge to it on appeal. *See Ivy Rd. Properties, LLC v. First Citizens Bank & Trust Co.*, 311 Ga. App. 409, 410 (1) (715 SE2d 809) (2011).

3. Dagne also argues that the trial court erred in denying her motion for a directed verdict on the issue of punitive damages, because there was no admissible evidence that she was impaired. Similarly, Dagne argues that the trial court erred in denying her motion for judgment notwithstanding the verdict, because Schroeder's punitive damages claim was based solely on the allegation that Dagne was driving under the influence, and the jury rejected this claim when it found that Dagne was not impaired. We discern no error.

We review a trial court's denial of a motion for a directed verdict or motion for judgment notwithstanding the verdict under the "any evidence" test. *Galardi v. Steele-Inman*, 266 Ga. App. 515, 516 (1) (597 SE2d 571) (2004). When conducting such a review,

8

[t]he question before this Court . . . is not whether the verdict and judgment of the trial court were merely authorized, but whether a contrary judgment was demanded. . . . [W]e are required to construe the evidence with every inference and presumption in favor of upholding the verdict, even where the evidence is in conflict. Indeed, so long as there is some evidence to support the jury's verdict, it must be upheld on appeal.

*Turnage v. Kasper*, 307 Ga. App. 172, 178-179 (1) (704 SE2d 842) (2010) (footnotes omitted).

On appeal, Dagne argues only that the trial court erred in denying her motion for directed verdict and judgment notwithstanding the verdict on punitive damages because the jury concluded that she was not driving under the influence at the time of the collision. But there were other grounds on which the jury could have awarded punitive damages. Specifically, in denying Dagne's motions, the trial court ruled that Dagne's erratic driving raised a jury question as to whether her actions showed wilful misconduct, malice, wantonness, or an entire want of care so as to raise a presumption of conscious indifference to the consequences.[3] *See* OCGA § 51-12-5.1(b); *see also*

---

[3] Schroeder's amended complaint alleged that punitive damages were also appropriate in light of Dagne's history of reckless driving. *See Brooks v. Gray*, 262 Ga. App. 232, 233 (1) (585 SE2d 188) (2003) (in automobile collision cases, punitive damages are allowed when the collision resulted from a pattern or policy of

9

*Tookes v. Murray*, 297 Ga. App. 765, 768 (2) (678 SE2d 209) (2009) ("[A] jury may award punitive damages even where the clear and convincing evidence only creates an inference of the defendant's conscious indifference to the consequences of his acts.") (citation and punctuation omitted).

However, Dagne does not enumerate as error the trial court's ruling that the evidence could have supported a punitive damages award on these other grounds. "Matters not enumerated as error will not be considered on appeal and are therefore presumed to be binding and correct." *Jones v. First National Bank of Atlanta*, 147 Ga. App. 441, 441 (249 SE2d 154) (1978) (citations and punctuation omitted); *see also Adamson v. Sanders*, 279 Ga. 187, 188, (611 SE2d 44) (2005) (a trial court's

---

dangerous driving, such as excessive speeding or driving while intoxicated). While the trial court's pretrial order specified that Schroeder's request for punitive damages was limited to her claim that Dagne was impaired, in denying Dagne's renewed motion for directed verdict, the trial court concluded that, even absent evidence of impairment, the jury could consider Dagne's conduct in determining whether punitive damages were appropriate. Dagne does not challenge the trial court's failure to enforce (or implicit modification of) the pretrial order, and has therefore waived the issue. *See Gamlins, Solicitors & Notaries v. A.E. Roberts & Assoc., Inc.*, 254 Ga. App. 763, 764 (1) (564 SE2d 29) (2002) ("Matters not enumerated as error will not be considered on appeal."); *see also Fields Bros. Gen. Contractors v. Ruecksties*, 288 Ga. App. 674, 678 (2) (655 SE2d 282) (2007) (while a pretrial order generally controls the subsequent course of litigation, a trial court's action in creating, enforcing, and modifying a pretrial order will not be disturbed on appeal absent an abuse of discretion).

judgment must stand where an appellant fails to enumerate as error all of the trial court's conclusions supporting that judgment). Because Dagne fails to address the trial court's ruling that the jury was authorized to award punitive damages based on her erratic driving, we must affirm the trial court's denial of her motion for directed verdict and motion for judgment notwithstanding the verdict.

4. Dagne argues that the trial court erred in the second phase of the trial by not allowing her to introduce evidence of her financial condition. We disagree.

If a plaintiff seeks punitive damages, evidence of the defendant's financial circumstances may be admissible. *See Holland v. Caviness*, 292 Ga. 332, 335 (737 SE2d 669) (2013). However,

> a trial court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

*Miller v. Cole*, 289 Ga. App. 471, 473 (657 SE2d 585) (2008) (citation and punctuation omitted); *see also* OCGA § 24-4-403. "Absent an abuse of discretion, a trial court's decision regarding whether to admit or exclude evidence will not be disturbed." *Id.*

11

Before conducting the second phase of the trial to determine the amount of punitive damages, the trial court held a charge conference, during which time it discussed whether the court should omit any of the guideline factors outlined in the pattern jury instruction on calculating the amount of punitive damages. *See* Suggested Pattern Jury Instructions, Vol. I: Civil Cases (2015), § 66.750. Schroeder requested that the trial court omit the factor regarding Dagne's financial condition because, among other things, if Dagne was allowed to present evidence of her financial condition, then Schroeder should be allowed to present evidence that one of Dagne's assets would be a claim against her insurer for failing to settle the case for the limits of Dagne's policy within the time demanded by Schroeder. Dagne argued that only she should be allowed to present evidence regarding her financial condition, and that the jury should not consider her insurance policy because there was no evidence that the insurer would pay or owe more than the policy limits.

The trial court decided to exclude evidence of Dagne's insurance policy because it was substantially prejudicial, and, out of fairness to Schroeder, also prevented Dagne from introducing evidence of her financial condition.

Dagne has not shown that the trial court's ruling was an abuse of discretion. While evidence of a defendant's financial condition *may* be admissible in a punitive

12

damages case, *see Holland*, 292 Ga. at 335, Dagne cites no authority, and we have found none, *mandating* such admission in every punitive damages case. The trial court's decision to exclude Dagne's evidence was consistent with its decision to preclude Schroeder from introducing evidence on Dagne's financial condition. As found by the trial court, it would be unfair to allow Dagne to present evidence on an issue while denying Schroeder the same opportunity. *Cf. United States v. Frazier*, 387 F.3d 1244, 1270 (11th Cir. 2004) ("It is an abuse of discretion to exclude the otherwise admissible opinion of a party's expert on a critical issue, while allowing the opinion of his adversary's expert on the same issue.") (citation and punctuation omitted). Thus, we find no abuse of discretion in excluding Dagne's evidence.

5. In her final enumeration of error, Dagne argues that the trial court erred at the second phase of the trial by denying her motion for mistrial after Schroeder asked Dagne about her conviction for driving on a suspended license, which the trial court previously held was inadmissible. The transcript reveals that Dagne objected to Schroeder's question, Schroeder withdrew it, and the the trial court instructed the jury to disregard the question. Dagne did not move for a mistrial at this time ; rather, she waited until the end of closing arguments to do so.

It is well settled that a motion for mistrial must be made contemporaneously with the objectionable testimony. Merely objecting to testimony at the time it is offered does not preserve the right to later move for a mistrial based on such testimony.

*Tuten v. State*, 242 Ga. App. 223, 225 (5) (529 SE2d 221) (2000) (footnotes omitted); *see also McConnell v. Akins*, 262 Ga. App. 892, 892 (1) (586 SE2d 688) (2003) ("A motion for mistrial must be made at the time the alleged harmful error is committed.") (citation omitted). Because Dagne did not timely move for a mistrial, she waived the issue.

*Judgment affirmed. Miller, P. J., and Branch, J., concur.*

14