**FIFTH DIVISION
MCFADDEN, P. J.,
RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 27, 2018**

# In the Court of Appeals of Georgia

A18A0596. WOODRUM et al. v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

MCFADDEN, Presiding Judge.

The dispositive issues in this appeal are whether the trial court abused its discretion in excluding a witness' opinion testimony as to diminution in value of certain property and in then granting summary judgment based on an absence of any evidence of diminution in value. While the court did not abuse its discretion in finding that the witness could not offer expert opinion testimony, the court did abuse its discretion in finding that the witness could not offer his opinion of value as a lay witness. So we reverse both the order excluding such lay witness opinion testimony and the grant of summary judgment.

"On appeal from the grant of summary judgment, the appellate court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Bank of America, N. A. v. Cuneo*, 332 Ga. App. 73, 74 (770 SE2d 48) (2015) (citation and punctuation omitted). So viewed, the evidence shows that during a thunderstorm on July 5, 2012, a large tree fell onto the roof of William and Kathy Woodrum's house, causing significant damage to the house. The next day, the Woodrums reported the damage to their insurer, Georgia Farm Bureau Mutual Insurance Company. On November 7, 2012, after the Woodrums and Georgia Farm Bureau were unable to agree upon the amount of the loss, the Woodrums invoked the appraisal clause of the insurance policy. That clause provided:

> If you[, the Woodrums,] and we[, Georgia Farm Bureau,] fail to agree on the amount of loss, either may demand in writing an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the residence premises is located. The appraisers will separately set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will

submit their differences to the umpire. A decision agreed to by any two
will set the amount of loss.

On February 5, 2013, pursuant to the appraisal process, an award was issued and agreed to by the Woodrums' appraiser and the appointed umpire. Georgia Farm Bureau made payment of the award to the Woodrums.

The Woodrums subsequently brought suit against Georgia Farm Bureau, seeking compensation for diminution in value. The complaint included counts for breach of contract and breach of an implied duty of good faith and fair dealing. The breach of contract claim was based on allegations that the fallen tree had caused a crack in the slab foundation of the house, that the value of the house was diminished by the cracked foundation, that such diminished value was a covered loss under the policy that was not included in the appraisal award, and that Georgia Farm Bureau had failed to pay for that diminished value. In support of the claim, the Woodrums filed the affidavit of George Hall, the contractor who had repaired the Woodrums' house and who opined that the value of the house was diminished by the foundation being cracked. During a subsequent deposition, Hall gave his opinion that the house had lost 25 percent of its value due to the cracked foundation.

Georgia Farm Bureau filed a motion to exclude Hall as an expert witness and a motion for summary judgment. On March 24, 2017, the trial court entered an order granting the motion to exclude Hall's testimony as an expert regarding the diminution in value of the Woodrums' property. In that same order, the trial court also excluded Hall's testimony as a lay witness giving an opinion as to value. On that same date, the trial court issued a separate order granting the insurance company's motion for summary judgment on both of the Woodrums' claims. As to the breach of contract claim, the court found that without Hall's excluded testimony, there was no other evidence that the diminution in value of the property was not included in the amount of loss determined under the appraisal clause. As to the claim for breach of implied duty of good faith and fair dealing, the court found that it could not be maintained because there is no such independent cause of action apart from the breach of contract claim, which had already been disposed of on summary judgment. The Woodrums appeal.

1. *Exclusion of Hall's testimony.*

The Woodrums challenge the trial court's exclusion of Hall's expert testimony as to value and his lay witness opinion testimony on that issue. While the court did

4

not err in excluding his testimony as an expert, the court did err in excluding his testimony as a lay witness.

At the outset, we note that the Woodrums were not required to present expert testimony as to value. As we have explained in a different context involving property valuation – confirmation of a nonjudicial foreclosure sale – the party seeking such confirmation

> is under no obligation to present an expert appraisal of the property. *Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer but may testify as to its value if he has had an opportunity for forming an opinion. Of course, the opinions of experts as to the true market value of property are admissible*, and provide sufficient evidence of value to support a trial court's order of confirmation.

*Harper v. Ameris Bank*, 326 Ga. App. 67, 69-70 (2) (755 SE2d 872) (2014) (citation and punctuation omitted; emphasis supplied).

(a) *Expert testimony.*

OCGA § 24-7-702 (b) provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if: (1) The testimony is based upon sufficient facts or data; (2) The testimony is the product of reliable principles and methods; and (3) The witness has applied the principles and methods reliably to the facts of

the case which have been or will be admitted into evidence before the trier of fact.

In determining the admissibility of proposed expert testimony, "the trial court must consider whether the methodology by which the expert reaches his conclusions is sufficiently reliable." *Scapa Dryer Fabrics v. Knight*, 299 Ga. 286, 289 (788 SE2d 421) (2016) (citation and punctuation omitted).

In this case, the trial court found that Hall's estimation of the diminution in value of the subject property was "not based on any market comparisons or related methodology" and that the Woodrums had "failed to establish that the methodology by which Hall reached his conclusions was sufficiently reliable" to qualify him as an expert witness. See *Vineyard Indus. v. Bailey*, 343 Ga. App. 517, 522 (2) (b) (806 SE2d 898) (2017) (the party seeking to rely on the expert bears the burden of establishing that his testimony is reliable within the meaning of the statute). Hall's affidavit did not describe a methodology by which he reached his conclusions and at his deposition, when asked to explain how he determined the amount of the value diminution, he said that he had made the determination based on his experience. Under these circumstances, we find that the trial court has not "abused its discretion

6

in excluding [Hall from giving expert] testimony on this issue." Id. at 523 (2) (b). So that portion of the trial court's order is affirmed.

(b) *Lay witness opinion testimony.*

OCGA § 24-7-701, which governs lay witness opinion testimony, provides:

(a) If the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences shall be limited to those opinions or inferences which are: (1) Rationally based on the perception of the witness; (2) Helpful to a clear understanding of the witness's testimony or the determination of a fact in issue; and (3) Not based on scientific, technical, or other specialized knowledge within the scope of Code Section 24-7-702.

(b) Direct testimony as to market value is in the nature of opinion evidence. A witness need not be an expert or dealer in an article or property to testify as to its value if he or she has had an opportunity to form a reasoned opinion.

Thus, in this case, "the issue [is] whether the record demonstrate[s] that [Hall] had an opportunity to form a [reasoned] opinion as to the amount [the Woodrums'] house diminished in value[.]" *Vitello v. Stott*, 222 Ga. App. 134, 136 (1) (473 SE2d 504) (1996). See also *Hirsch v. Joint City County Board of Tax Assessors*, 218 Ga. App. 881, 882 (1) (463 SE2d 703) (1995) (opinion evidence as to the value of an item must be based upon a foundation that the witness has some knowledge, experience, or familiarity with the value of the property in question). Contrary to the trial court's

7

ruling, the record amply demonstrates that Hall had such an opportunity to form a reasoned opinion as to the value of the house.

In his affidavit, Hall averred that he is a licensed contractor; that he is experienced in home building and remodeling, and has constructed and repaired many homes during his career; that he is familiar with the costs of construction and the valuation of homes based on his professional experience; that he performed the repair of the Woodrums' house; that the house suffered massive structural damage due to the fallen tree; that he witnessed the damage to the slab foundation, which had a crack running from one edge to the other where the tree had fallen; that the crack affected structural integrity of the home because the slab foundation will never be as strong as it was before the crack; that he remains concerned about the crack reopening due to future expanding and contracting of repairs made to the crack; that such structural damage to a house's foundation causes the loss of value; that a purchaser would expect to pay less for a home with a cracked slab foundation; and that the ability to use certain materials on top of the compromised foundation is limited, which causes further loss of value.

Similarly, at his deposition, Hall testified that he has experience inspecting houses for structural integrity and giving opinions as to value; that he has the

8

knowledge and experience to know what a house is worth by inspecting it; that he had helped build an addition on to the Woodrums' house in 2004; that the tree which fell on the house was massive and basically cut the house in half; that the cracked foundation was shown in certain photographs; that he performed repairs to the house; and that his opinion as to the diminished value was based on his experience.

"This evidence demonstrated that [Hall] was qualified to give an opinion [as a lay witness] as to the amount the [foundation] damage diminished the value of the property." *Vitello*, supra (citation omitted) (lay witness opinion as to diminished value appropriate where witness testified that she had personally viewed termite damage to house, that she met with two contractors who inspected the house, and that the contractors described to her the extent of the damage and the cost of repairs). "The admission or exclusion of lay [witness] opinion evidence is committed to the sound discretion of the trial court, and appellate courts will not interfere with such a ruling absent an abuse of discretion." *Dagne v. Schroeder*, 336 Ga. App. 36, 38 (2) (783 SE2d 426) (2016) (citation and punctuation omitted). Here, because the record shows that Hall had an opportunity to form a reasoned opinion as to the value of the house, the trial "court erred in excluding [his lay witness] opinion testimony as to the value of [the] property and damages thereto." *Schoolcraft v. DeKalb County*, 126 Ga. App.

9

101, 103 (2) (189 SE2d 915) (1972). See also *Long v. Marion*, 182 Ga. App. 361, 364-365 (4) (355 SE2d 711) (1987) (lay witness opinion as to value proper where witness related his knowledge and familiarity with the item, described its condition, and introduced photographs of the damage to it). Accordingly, the trial court's order excluding Hall's lay witness opinion testimony is reversed.

2. *Summary judgment.*

Given our holding above allowing Hall's lay witness testimony, it follows that the trial court erred in granting summary judgment on the Woodrums' claims.

> Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' OCGA § 9-11-56 (c). Thus, to prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, so that the party is entitled to judgment as a matter of law. A defendant may do this by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims.

*Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010) (citations and punctuation omitted).

(a) *Breach of contract claim.*

10

The trial court granted summary judgment to Georgia Farm Bureau on the Woodrums' breach of contract claim on the basis that without Hall's excluded testimony, there was no evidence of the diminished value of the house. But because of our holding above reversing the exclusion of Hall's lay witness opinion testimony, there is, contrary to the trial court's finding, some evidence creating a genuine issue of material fact as to the diminished value of the house. The trial court's summary judgment ruling as to the breach of contract claim was erroneous and therefore must be reversed.

(b) *Breach of implied duty claim.*

As to the claim for breach of an implied duty of good faith and fair dealing, the trial court's grant of summary judgment on that claim was premised on its grant of summary judgment on the breach of contract claim. The trial court reasoned:

> Georgia law does not recognize an independent cause of action based on the covenant of good faith and fair dealing apart from the breach of contract claim. [Cit.] Since the [c]ourt has determined that summary judgment is warranted as to Plaintiffs' breach of contract claim, Plaintiffs' claim for breach of the implied duty of good faith and fair dealing cannot be maintained. Therefore, the [c]ourt is compelled to find that summary judgment is proper as a matter of law on this claim.

However, as explained above, the trial court erred in granting summary judgment on the breach of contract claim and that ruling has been reversed.

11

Consequently, its grant of summary judgment as to the breach of implied duty claim, premised on its erroneous grant of summary judgment on the breach of contract claim, must also be reversed.

*Judgment affirmed in part and reversed in part. Rickman, J., concurs. Ray, J., concurs in the judgment only.\**

**THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2.**